Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

for the

__Northern__ District of __Ohio__

__EASTERN__ Division

| | |
|---|---|
| | Case No. __2:22 CV 2760__ |
| _____"SEE ATTACHED"_____ | *(to be filled in by the Clerk's Office)* |
| *Plaintiff(s)* | |
| *(Write the full name of each plaintiff who is filing this complaint.* | **JUDGE GRAHAM** |
| *If the names of all the plaintiffs cannot fit in the space above,* | |
| *please write "see attached" in the space and attach an additional* | **MAGISTRATE JUDGE DEAVERS** |
| *page with the full list of names.)* | |
| -v- | |
| _____Ohio Dept. Rehab. & Corrections_____ | |
| _____Ohio Adult Parole Authority_____ | |
| _____Lorain Correctional Institution_____ | |
| *Defendant(s)* | |
| *(Write the full name of each defendant who is being sued. If the* | |
| *names of all the defendants cannot fit in the space above, please* | |
| *write "see attached" in the space and attach an additional page* | |
| *with the full list of names. Do not include addresses here.)* | |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
### (Prisoner Complaint)

---

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name

All other names by which
you have been known:

ID Number

Current Institution    Lorain Correctional Inst.

Address    2075 S. Avon Belden Road

| Grafton | OH | 44044 |
|---------|----|-------|
| *City* | *State* | *Zip Code* |

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

Name    Annette Chambers - Smith

Job or Title *(if known)*    Director

Shield Number

Employer    Ohio Dept. of Rehab. & Corrections

Address    4545 Fisher Road, Ste. D

| Columbus | OH | 43228 |
|----------|----|-------|
| *City* | *State* | *Zip Code* |

[ ] Individual capacity  [X] Official capacity

Defendant No. 2

Name    Michael Anderson  / Annette Chambers-Smith

Job or Title *(if known)*    Chief Hearing Ofcr. /  Chairperson

Shield Number

Employer    Ohio Adult Parole Authority

Address    4545 Fisher Road, Ste. D

| Columbus | OH | 43228 |
|----------|----|-------|
| *City* | *State* | *Zip Code* |

[ ] Individual capacity  [X] Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3

| | |
|---|---|
| Name | Jennifer Gillece - Black |
| Job or Title *(if known)* | Warden |
| Shield Number | |
| Employer | ODRC  Lorain Correctional Institution |
| Address | 2075 South Avon Belden Road |
| | Grafton        OH        44044 |
| | *City*        *State*        *Zip Code* |

[ ] Individual capacity  [X] Official capacity

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Shield Number | |
| Employer | |
| Address | |
| | |
| | *City*        *State*        *Zip Code* |

[ ] Individual capacity  [ ] Official capacity

## II.  Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.  Are you bringing suit against *(check all that apply)*:

[ ] Federal officials (a *Bivens* claim)

[X] State or local officials (a § 1983 claim)

B.  Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?
Plaintiffs' declares that their Fourth & Fourteenth Amendment rights to the US Constitution by State of Ohio officials who have overtly committed the federal crime of "obstructing court orders" in violation of 18 USCS § 1509, "statements or entries generally" violating 18 USCS § 1001 and others to fraudulently obtain federal dollars/funding for the above state agencies.

C.  Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?                N / A

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.  Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

The state agencies of Ohio and their respective agents have acted "under color of Ohio Revised Codes §§§ 2929.141 (A) (1) – 2967.28 (H) – 2967.28 (F) (4) (c) – 2967.28 (B) (C)" as they have failed to acknowledge that the Plaintiffs' were either NOT ON post release control at all or that they were NOT to stack PRC.

**III.   Prisoner Status**

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐  Pretrial detainee

☐  Civilly committed detainee

☐  Immigration detainee

☐  Convicted and sentenced state prisoner

☐  Convicted and sentenced federal prisoner

☒  Other *(explain)*   Plaintiffs' are either a parolee or county jail
                inmate housed in Lorain Correctional Inst.

**IV.   Statement of Claim**

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

    Please see that there are attached complaints in re PRC.

A.      If the events giving rise to your claim arose outside an institution, describe where and when they arose.

The Plaintiffs' collectively state that their individual events were throughout the state of Ohio's various counties, and that the Ohio Adult Parole Authority has instituted improper seizures, unlawful arrests and wrongful imprisonments of all Plaintiffs's under the guise of having authority to do so based on R.C. 2967.28; which they did not have and incorporated ODRC and Lorain C

B. I.   If the events giving rise to your claim arose in an institution, describe where and when they arose.

The Ohio Adult Parole Authority is improperly violating Plaintiff rights by sentencing Plaintiffs' who are not on PRC based upon the sentencing journal entries that detail that they are NOT on PRC, as mandated by the Supreme Court of Ohio as in Hutter, infra – Bunn, infra – Bates, infra – Nascembeni, infra. In addition, they are staking post release control on some Plaintiffs' when they have NO legal basis to do so. See Ohio R.C. 2967.28 (H) (1). Page 4 of 11

C.      What date and approximate time did the events giving rise to your claim(s) occur?

The dates and approximate times can be attributed back to the very beginning when the State ODRC turned Lorain Correctional Institution into a "sanction center", which has allowed those agents of these state agencies to violate the Plaintiffs' Constitutional rights and wrongfully impose entences over them.

D.      What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

See attached documents containing Complaints 1 - 4.

## V.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

The injuries are financial, mental and social as the Plaintiffs' family members suffer the loss of them while being imprisoned wrongfully; the Plaintiffs' suffer job loss and loss wages due to baseless and unfounded reason of imprisonment;and they are subjected to Ohio APA Hearing Officers that abuse their power when they deliberately do not look at affidavits, failed to call in witnesss in their favor, give unwarranted continuances knowing that they have violated the timeline for the hearing , and simply are willfully blind to the truth that the Plaintiffs are not on post release control or that their violations were baseless.

## VI.   Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims. To be completely honest, the Sixth Circuit must realize that the Plaintiffs' need to cite statutes, court rules, case laws to substantiate the facts attached in the complaints. As this application are of "great importance and interest to the public of the State of Ohio." Because it details the fraud exhibited by agents working for these state agencies as they wrongfully imprison former inamates NOT on post release control, that should not have their post release control stacked, and shows that the Ohio APA is imposing sentences upon Plaintiffs that were found NOT GUILTY or had cases dismissed because their violation was fraudulently based upon some type of lie.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

[X] Yes

[ ] No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s). The ODRC's Lorain Correctional Inst. is were all of the Plaintiffs' claim give rise, as we have all brought forward grievance on form DRC 3218 (REV. 07/14), Ohio Department of Rehabilitation and Corrections Adult Parole Auth. - Grievancew Procedure filing claims under "what is grievable, sect 1 & 2. All of the Plaintiffs' grievances have been denied arbitrrarily by personnel of the Ohio APA hearing officers, as

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

[X] Yes

[ ] No

[ ] Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

[X] Yes

[ ] No

[ ] Do not know

If yes, which claim(s)? Special conditions of supervision other than those imposed by the court(s) of common pleas, as it pertains to each individual Plaintiff; and Complaints regarding failure on the part of the APA or any of its staff to follow policies, procedures and administrative rules and regulations. See complaints 1 - 4.

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

[x] Yes

[ ] No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

[ ] Yes

[ ] No

E.    If you did file a grievance:

1.    Where did you file the grievance?  All grievances were filed in the Lorain C.I. law library and given to the hearing officers located at the institution, and to the various regional offices of the Ohio Adult Parole Authority. (Ex. F, G, H) detail that the agents of the Ohio APA and the ODRC's Lorain C.I. facility are acting in concert to thwart the filings of the Plaintifffs' filing grievances against the APA as they through email plotted to stop Charles Lucas - #A761873, from filing grievances - stopping any notaries, and no longer recieving journal entries.

2.    What did you claim in your grievance?

See (Ex. A) what is grievable, numbers 1 & 2 because the major part of the grievances address that the PLaintiffs are not bound to post release control due to the journal entries not having the three required advisements for post release control under R.C. 2967.28.

3.    What was the result, if any?

As seen in (Ex. F, G, H) the agents of these state agencies have clandestinely colluded and conspired to halt the Plaintiffs' from seeking their entitled rights of liberty. Moreover, these agencie s have retaliated against inmate Lucas who has suffered threats, and have claimed that he has affected the effectiveness and efficiency of Lorain C. I. or other institutional management reasons - -see (Ex. I).

4.    What steps, if any, did you take to appeal that decision?  Is the grievance process completed?  If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

The grievance process is not only complete, but the emails from the state agents show that they have deliberately stopped the Plaintiffs' from filing any more grievances. See (Ex. F, G, H).

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F.  If you did not file a grievance:

   1.  If there are any reasons why you did not file a grievance, state them here:

       N / A

   2.  If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

G.  Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

   *(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B.   If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

   1.   Parties to the previous lawsuit
       Plaintiff(s)   _____
       Defendant(s)   _____

   2.   Court *(if federal court, name the district; if state court, name the county and State)*
       _____

   3.   Docket or index number
       _____

   4.   Name of Judge assigned to your case
       _____

   5.   Approximate date of filing lawsuit
       _____

   6.   Is the case still pending?

       ☐ Yes          N / A

       ☐ No

       If no, give the approximate date of disposition.   ------------------

   7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*
                                    N / A

       _____

C.   Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?          N / A

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☐ Yes

☒ No

D.  If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below.  *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit

Plaintiff(s)  _____

Defendant(s)  _____

2.  Court *(if federal court, name the district; if state court, name the county and State)*

_____

_____

3.  Docket or index number

_____

4.  Name of Judge assigned to your case

_____

5.  Approximate date of filing lawsuit

_____

6.  Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition  _____

7.  What was the result of the case?  *(For example:  Was the case dismissed?  Was judgment entered in your favor?  Was the case appealed?)*

_____

_____

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    6-24-2022

Signature of Plaintiff    *Steven D. French*

Printed Name of Plaintiff    Steven D. French

Prison Identification #    #557-983

Prison Address    2075 S. Avon/Beldon RD

Grafton        Ohio    44044

         *City*       *State*   *Zip Code*

### B.    For Attorneys

Date of signing:    _____

Signature of Attorney    _____

Printed Name of Attorney    _____

Bar Number    _____

Name of Law Firm    _____

Address    _____

         *City*       *State*   *Zip Code*

Telephone Number    _____

E-mail Address    _____

## COMPLAINT ONE (1):

**PLAINTIFFS' FOURTEENTH AMENDMENT RIGHTS TO THE U.S. CONSTITUTION WERE VIOLATED WHEN THE STATE OF OHIO AGENCIES: ADULT PAROLE AUTHORITY, DEPARTMENT OF REHABILITATION AND CORRECTIONS, AND LORAIN CORRECTIONAL INSTITUTION FURTHER THE WRONGFUL IMPRISONMENT OF FORMER INMATES WHO ARE NOT BOUND UNDER OHIO REVISED CODE § 2967.28**

The Plaintiffs', moves this court (Sixth Circuit – United States District Court) to grant this petition for the following reasons: **"the Petitioner's challenge their conditions for parole, probation or post release control that is sufficiently severe or restrictive of their individual liberties."** See *Daniel v. State,* 98 Ohio St. 3d 467, 2003-Ohio-1916, 786 N.E. 2d 891, P9; *Patterson v. Ohio Adult Parole Auth.,* 120 Ohio St. 3d 311, 312, 2008-Ohio-6147, P7, 898 N.E. 2d 950, 951, 2008 Ohio LEXIS 3249, *3 (Ohio December 3, 2008). Thus, the Plaintiffs' pronounce that these Ohio state agencies: Ohio Department of Rehabilitation and Correction, Ohio Adult Parole Authority and Lorain Correctional Institution have opted to act in concert to illegally arrest, detain and imprison the Plaintiffs' under the guise of post release control (PRC), when in fact these agencies knew that Plaintiffs' were NOT legitimately bound pursuant to Ohio Revised Code § 2967.28, as their individual court(s) failed to quote the advisements which the Supreme Court of Ohio, has held must contain in the sentencing journal entries. The Plaintiffs' and their loved ones, are cognizable (capable of knowing and recognizing), that their individually distinct sentencing journal entries/judgment entries are mandated to have the required advisements which MUST CONTAIN THE FOLLOWING: 1) that whether post release control is discretionary or mandatory; 2) the duration (length) of post release control period; and 3) that the trial/sentencing judge must state that the Ohio APA will manage or govern the Plaintiffs' under R.C. 2967.28 whereby any violation by the Plaintiffs' of their post release control will subject the Plaintiffs' to consequences set forth in the statute – R.C. 2967.28.

Because it seems that these Ohio state agencies/entities will not take the Plaintiffs' word or argument seriously, we have collectively cited the Supreme Court of Ohio, in *Bates,* infra; *Bunn,* infra; and *Hutter,* infra as follows:

**"The Supreme Court of Ohio, held that in order to validly impose post release control when the trial court orally provides all the required advisements at the sentencing hearing, *the sentencing entry must contain the following information:***
  (1) **whether post release control is discretionary or mandatory;**
  (2) **the duration of the post release control period; and**
  (3) **a statement to the effect that the Adult Parole Authority ("APA") will administer the post release control pursuant to R.C. 2967.28 and that any violation by the offender of the conditions of post release control will subject the offender to the consequences set forth in that statute.** *Id.* at ¶ 1. See *State v. Hutter,* **2018**-Ohio-3488, P17, 2018 Ohio App. LEXIS 3798, *10-11, 2018 WL 4181804 (Ohio Ct. App., Mahoning County August 29, 2018); *State v. Bunn,* **2019**-Ohio-2703, P16, 2019 Ohio App. LEXIS 2834, *8, 2019 WL 2764072 (Ohio Ct. App., Mahoning County June 14, 2019); *State v. Bates,* **2022**-Ohio-475, P12, 2022 Ohio LEXIS 357, *8, 2022 WL 516570 (Ohio February 22, 2022).

In addition, the Plaintiffs' have all completed their initial sentences from their respective criminal proceedings without any "NUNC PRO TUNC" entries placed in their sentencing court(s) trial dockets. The reason that we collectively state this (*nunc pro tunc),* is because we understand that in order for the Plaintiffs'

to be given post release control after the sentencing court failed to give the mandatory advisements, and that the common pleas court judges can make a correction and issue post release control before the Plaintiffs' initial sentence is completed. In the Plaintiffs' various instances, the common pleas court judges did not make the necessary corrections to validly impose post release control. Thus, "FOR THE RECORD" - "in Ohio, the courts speak only through their journal entries." *Kaine v. Marion Prison Warden*, 88 Ohio St.3d 454, 455, 2000- Ohio 381, 727 N.E.2d 907 (2000). *Accord State v. Smith*, 2d Dist. MontgomeryNo.26217,2015-Ohio-700, ¶10 (a court speaks only through its journal entries, not through oral pronouncements.) "Consequently, the court's oral statement at trial does not control." *State v. Jones*, 2020-Ohio-3986, P29, 2020 Ohio App. LEXIS 2885, *12-13, 2020 WL 4558069 (Ohio Ct. App., Montgomery County August 7, 2020). In each instance, of the Plaintiffs' the court failed to properly journalize the advisements and that is why our claim of fraud, wrongful imprisonment and sham is relevant. More importantly, the Plaintiffs' filed grievances stating that their "special conditions of supervision other than those imposed by the court" was grievable because the Ohio APA had no basis to arrest us as if we were under post release control, and doing so violates our Fourth and Fourteenth Amendment rights to the United States Constitution. (See Ex. A).

Again, since the State of Ohio presumes that we cannot understand that what they have done to us is illegal, and a violation of our Fourth and Fourteenth Amendment rights to the United States Constitution, we plainly cite the following:

"**If the trial court failed to make the post-release control advisement at the sentencing hearing and the defendant has not completed his sentence the appropriate remedy is a new sentencing hearing limited to proper imposition of post release-control.** *Id.* at ¶ 29. **A new sentencing hearing is needed in that situation because in order "to fulfill the requirements of the post release-control-sentencing statutes, especially R.C. 2929.19(B) and 2967.28, a trial court must provide statutorily compliant notification to a defendant regarding post release control at the time of sentencing, including notifying the defendant of the details of the post release control and the consequences of violating post release control.**" *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 18. **Therefore, even if the post release control advisement is given in the judgment entry, a new sentencing hearing is required when the advisement was not given at the sentencing hearing. However, if the defendant has completed the prison term for the original sentence, the defendant cannot be subject to another sentencing hearing to correct the trial court's flawed imposition of post release control.** *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, ¶ 70, citing *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 18 and *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, at syllabus.

**If the trial court made the post-release control advisement at the sentencing hearing, but failed to incorporate that advisement into the final judgment entry, the proper remedy is correction through means of a nunc pro tunc entry.** *Qualls*, 131 Ohio St. 3d 499, 2012-Ohio-1111 at ¶ 13, 967 N.E.2d 718. "**No new sentencing hearing is required, because the trial court's failure to include the post release-control term in the original sentencing entry was manifestly a clerical error.**" *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, 943 N.E.2d 1010, ¶ 13. **The sentencing judgment entry, however, must be corrected before the defendant completes the prison term for the offense for which post-release control was to be imposed.** *Qualls* at ¶ 16, 24. **If it is not corrected prior to the completion of the sentence, post-release control cannot be imposed.** *Id.*" *State v. Hill*, 2017-Ohio-4006, P13-P14, 91 N.E.3d 212, 215-216, 2017 Ohio App. LEXIS 2028, *6-7, 2017 WL 2303664 (Ohio Ct. App., Jefferson County May 25, 2017).

Herein, lies the basis for the Plaintiffs' collective claim as **bolded** and underlined. As all of the Plaintiffs', who have signed this class action law suit, does so, stating that they have completed their initial sentences without any corrections made by their various common pleas court judges providing a "*nunc pro tunc*"

entry. Thus, the Plaintiffs' use the following exhibits (Ex. A, Ex. B, and Ex. C), to substantiate their claim and that these are facts, that the aforementioned state agencies of Ohio, are collectively denying us all of our entitled liberties. The Plaintiffs' introduces into evidence by proffering the adjudication of one **Raymond Ladelle Hairston** (as Ex. B), of case no. **2004 CR 01534/1** in the **Montgomery County Common Pleas Court**, with the **presiding judge(s): Judge John P. Petzold** for **Judge Michael T. Hall**, the **assistant prosecuting attorney** in this case: **Laurence A. Lasky (#00029595)** and **Mr. Hairston's defense counsel: David J. Fierst**, located at **4130 Linden Avenue, Ste. 205, Dayton, Ohio 45432**. Thus, in reading Mr. Hairston's sentencing journal entry, page 2 (that was notarized by Maria A. Williams, Notary Public – Ohio, commission expiring 08-25-24 and signed by said – Maria Williams on 5/6/2022), it states in regards to post release control, the following:

*"The Court advised the defendant that following the defendant's release from prison, the defendant will/may serve a period of post-release control under the supervision of the parole board. Should the defendant violate any post-release control sanction or any law, the adult parole board may impose a more restrictive sanction. The parole board may increase the length of the post-release control. The parole board could impose an additional nine (9) months prison term for each violation for a total of up to fifty percent (50%) of the original sentence imposed by the court. It the violation of the sanction is a felony, in addition to being prosecuted and sentenced for the new felony, the defendant may receive from the court a prison term for the violation of the post-release control itself."*

This sentencing journal entry indicates that Mr. Hairston, does not have post release control. See *State v. Hutter*, **2018**-Ohio-3488, P17, 2018 Ohio App. LEXIS 3798, *10-11, 2018 WL 4181804 (Ohio Ct. App., Mahoning County August 29, 2018); *State v. Bunn*, **2019**-Ohio-2703, P16, 2019 Ohio App. LEXIS 2834, *8, 2019 WL 2764072 (Ohio Ct. App., Mahoning County June 14, 2019); *State v. Bates*, **2022**-Ohio-475, P12, 2022 Ohio LEXIS 357, *8, 2022 WL 516570 (Ohio February 22, 2022). *State v. Nascembeni*, **2022**-Ohio-1662, P11, 2022 Ohio App. LEXIS 1534, *6, 2022 WL 1580476 (Ohio Ct. App., Cuyahoga County May 19, 2022).

Pursuant to USCS Fed. Rules Evid. R. 201 (a) – (c) (1) (2) and Ohio Evid. R. 201 (A) (B) (D), the Plaintiffs' request that the United States District Court of the Sixth Circuit, take judicial notice of the adjudicative facts within Mr. Hairston's case bolded and italicized above, because it is within the territorial jurisdiction of this court, it pertains to post release control and whether or not it was properly imposed, can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned (because it is found on the Montgomery County Common Pleas Court website). Moreover, the Plaintiffs' state that pursuant to USCS Fed. Rules Evid. 902 (8) "Acknowledged Documents", (Ex. B) is a document accompanied by a certificate of acknowledgment that is lawfully executed by a notary public or another officer who is authorized to take acknowledgments (thus, Mrs. Williams).

Since being detained at the leisure of these state agencies, the Plaintiffs' have contacted their local regional offices of the Ohio Adult Parole Authority, to no avail, as their grievances were all collectively denied due to illusory reasons. The Plaintiffs' exact that the United States District Courts of the Sixth District, acknowledge that:

**1)** every individual Petitioner has a separate but equivalent claim like Mr. Hairston,

**2)** each Petitioner is in possession of their journal entry identical to Mr. Hairston, which shows that the three advisements are not in their individual judgment entries,

**3)** that there are no '*nunc pro tunc*' entries showing that their court(s) made the corrections necessary to place the Plaintiffs' on post release control,

**4)** that each Petitioner, is being held in custody by the state of Ohio, without due process and equal protection guarantees of the Fourteenth Amendment as they are wrongfully imprisoned, and

**5)** that they must be released at once with all post release control to be vacated at once.

"False imprisonment occurs when a person confines another intentionally 'without lawful privilege and against his consent within a limited area for any appreciable time, however short.'" *Bennett v. Ohio Dept. of Rehab. & Corr.*, 573 N.E.2d 633, 60 Ohio St. 3d 107, 109, quoting *Feliciano v. Kreiger*, 50 Ohio St.2d 69, 71, 362 N.E.2d 646 (1977). As previously mentioned, for the Plaintiffs' false imprisonment claim to succeed, they must demonstrate that the defendants did not have the lawful privilege to detain them pursuant to the advisements of post release control NOT BEING IN THEIR SENTENCING JOURNAL ENTRIES. Here, both the imposition of PRC and defendant's policies in administering PRC stem from statutory authority. R.C. 2967.28(C) which states:

*"Any sentence to a prison term for a felony of the third, fourth, or fifth degree that is not subject to division (B)(1) or (3) of this section shall include a requirement that the offender be subject to a period of post-release control of up to three years after the offender's release from imprisonment, if the parole board, in accordance with division (D) of this section, determines that a period of post-release control is necessary for that offender."* [Emphasis added].

In addition, R.C. 2967.28(E) provides that the Ohio Department of Rehabilitation and Correction (DRC) with the power to adopt rules to assist the APA in determining post-release control sanctions. *Dugas v. Ohio Adult Parole Auth.*, 2021-Ohio-3954, P12-P14, 2021 Ohio Misc. LEXIS 690, *9-10 (Ohio Ct. Cl. September 8, 2021). Yet, collectively the Plaintiffs' state that there were no advisements given to them in their individual sentencing hearings (as illustrated by their individual sentencing/judgment journal entries, just like Mr. Hairstons)". This court must recognize that the State of Ohio, is violating the Plaintiffs' rights to their entitled freedoms and liberties and that these violations are a direct correlation of the *Slaughter-House Cases*, 83 U.S. 36, 77, 21 L. Ed. 394, 409, 1872 U.S. LEXIS 1139, *76-77, 16 Wall. 36 (U.S. April 14, 1873) (as the State of Ohio, has created laws impairing the obligation of contracts (thus, the sentencing judgment entry is the contract that is not properly imposed, but we collectively are still wrongfully imprisoned by the Ohio Adult Parole Authority). Clearly, the Plaintiffs' recite once again that the Supreme Court of Ohio, the highest court in Ohio, has stated that if post release control is not properly imposed, then we collectively do not have post release control. "Any attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void. *State v. Jordan*, 104 Ohio St. 3d 21, 27, 2004-Ohio-6085, P25, 817 N.E.2d 864, 871, 2004 Ohio LEXIS 2743, *16 (Ohio December 1, 2004).

Moreover, it is a violation:

➢ **18 USCS § 241 "conspiracy against rights"** - If *two or more persons conspire to injure, oppress, threaten, or intimidate* any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured—They shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death.

➢ **18 USCS § 242 "deprivation of rights under color of law"** - Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to *the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both*; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

➢ **18 USCS § 1621 "perjury generally"**, Whoever—**(1)** having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true; or **(2)** in any declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true; is guilty of perjury and shall, except as otherwise expressly provided by law, be fined under this title or imprisoned not more than five years, or both. This section is applicable whether the statement or subscription is made within or without the United States.

➢ **18 USCS § 1590 "trafficking with respect to peonage, slavery, involuntary servitude or forced labor"**, **(a)** *Whoever knowingly* recruits, *harbors, transports, provides, or obtains by any means, any person for labor or services in violation of this chapter shall be fined under this title or imprisoned not more than 20 years, or both*. If death results from the violation of this section, or if the violation includes kidnapping or an attempt to kidnap, aggravated sexual abuse, or the attempt to commit aggravated sexual abuse, or an attempt to kill, the defendant shall be fined under this title or imprisoned for any term of years or life, or both. **(b)** Whoever obstructs, attempts to obstruct, or in any way interferes with or prevents the enforcement of this section, shall be subject to the penalties under subsection (a).

➢ **18 USCS § 1593A "benefitting financially from peonage, slavery and trafficking of persons"**, thus *whoever knowingly benefits, financially or by receiving anything of value, from participation in a venture which has engaged in any act in violation of this chapter [18 USCS §§ 1581 et seq.], knowing or in reckless disregard of the fact that the venture has engaged in such violation, shall be fined under this title or imprisoned in the same manner as a completed violation of such section.*

➢ **18 USCS § 1509 "obstruction of court orders"** - *Whoever, by threats or force, willfully prevents, obstructs, impedes, or interferes with, or willfully attempts to prevent, obstruct, impede, or interfere with, the due exercise of rights or the performance of duties under any order, judgment, or decree of a court of the United States, shall be fined under this title or imprisoned not more than one year, or both.* No injunctive or other civil relief against the conduct made criminal by this section shall be denied on the ground that such conduct is a crime.

➢ **18 USCS § 1038 "false information and hoaxes" (a)** Criminal violation. (**1**) In general. *Whoever engages in any conduct with intent to convey false or misleading information under circumstances where such information may reasonably be believed and where such information indicates that an activity has taken, is taking, or will take place that would constitute a violation* of chapter 2, 10, 11B, 39, 40, 44, 111, or 113B of this title [18 USCS §§ 31 et seq., 175 et seq., 229 et seq., 831 et seq., 841 et seq., 921 et seq., 2271 et seq., or 2331 et seq.], section 236 of the Atomic Energy Act of 1954 (42 U.S.C. 2284), or section 46502, the second sentence of section 46504, section 46505(b)(3) or (c), section 46506 if homicide or attempted homicide is involved, or section 60123(b) of title 49, shall—**(A)** be fined under this title or imprisoned not more than 5 years, or both; **(B)** if serious bodily injury results, be fined under this title or imprisoned not more than 20 years, or both; and **(C)** if death results, be fined under this title or imprisoned for any number of years up to life, or both.

➢ **18 USCS § 1001 "statements or entries generally" (a)** Except as otherwise provided in this section, *whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully— (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact; (2) makes any materially false, fictitious, or fraudulent statement or representation; or (3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry; shall be fined under this title, imprisoned not more than 5 years* or, if the offense involves international or domestic terrorism (as defined in section 2331 [18 USCS § 2331]), imprisoned not more than 8 years, or both. If the matter relates to an offense under chapter 109A, 109B, 110, or 117, or section 1591 [18 USCS §§ 2241 et seq., 2250, 2251 et seq., 2421 et seq., or 1591], then the term of imprisonment imposed under this section shall be not more than 8 years.

➢ **18 USCS § 371 "conspiracy to commit offense or to defraud United States"** - *If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.* If, however, the offense, the commission of which is the object of the conspiracy, is a misdemeanor only, the punishment for such conspiracy shall not exceed the maximum punishment provided for such misdemeanor.

Thus, the Plaintiffs' **collectively pronounce that these agencies committed the above crimes in order to maintain and justify Lorain Correctional Institution, as a post release control sanction center, and have completely acted in concert to falsify documents, provide false information solely to imprison, and obstruct the common pleas court orders found in the sentencing journal entries showing that the Plaintiffs' were not bound to post release control.** Even more recently as of May of 2022, the Ohio Supreme Court reaffirmed that without proper imposition post release control "[a defendant's] liberty would not be restrained after he served his prison sentence and he would not be under the obligations associated with supervision." *State v. Bates*, Slip Opinion No. 2022-Ohio-475, ¶ 21; *State v. Harris*, 8th Dist. Cuyahoga No.

91947, 2009-Ohio-1695, ¶ 10. *State v. Nascembeni*, 2022-Ohio-1662, P11, 2022 Ohio App. LEXIS 1534, *6, 2022 WL 1580476 (Ohio Ct. App., Cuyahoga County May 19, 2022). The Plaintiffs' seek an immediate release from confinement and to have these entities vacate the STENCH of post release control from their persons by honoring the Plaintiffs' sentencing journal entries that do not contain those necessary advisements for post release control.

## COMPLAINT TWO (2):

**PLAINTIFFS'FOURTEENTH AMENDMENT RIGHTS TO THE UNITED STATES CONSTITUTION ARE VIOLATED BY THE OHIO ADULT PAROLE AUTHORITY WHO IS DELIBERATELY IMPOSING CONSECUTIVE POST RELEASE CONTROL TIME PERIODS WHEN THEY HAVE NO LEGAL BASIS TO DO SO**

Based upon current through File 102 (HB 30), of the 134th (2021-2022) Ohio General Assembly; acts signed as of June 1, 2022 - - the Ohio Revised Code § 2929.141 *New Felony committed by person on post-release or transitional control,* "(A) Upon the conviction of or plea of guilty to a felony by a person on post-release control at the time of the commission of the felony, the court may terminate the term of post-release control, and the court may do either of the following regardless of whether the sentencing court or another court of this state imposed the original prison term for which the person is on post-release control:**(1)** In addition to any prison term for the new felony, impose a prison term for the post-release control violation. The maximum prison term for the violation shall be the greater of twelve months or the period of post-release control for the earlier felony minus any time the person has spent under post-release control for the earlier felony. In all cases, any prison term imposed for the violation shall be reduced by any prison term that is administratively imposed by the parole board as a post-release control sanction. A prison term imposed for the violation shall be served consecutively to any prison term imposed for the new felony. **The imposition of a prison term for the post-release control violation shall terminate the period of post-release control for the earlier felony."**

Thus like *Nix,* the Plaintiffs' pronounces that their claims are that the court(s) were required to first state in all of the Plaintiffs' individual cases, that it was terminating post release control and only then state that it was imposing sentence for a violation of post release control. However, the sentence imposed for a violation of post release control, itself, terminates the period of post release control. R.C. 2929.141(A)(1) provides in part that "[t]he imposition of a prison term for the post-release control violation shall terminate the period of post-release control for the earlier felony." Therefore, by operation of law, the period of post release control was terminated when the court imposed sentence. *State v. Nix,* 2019-Ohio-1640, P6, 2019 Ohio App. LEXIS 1731, *4, 2019 WL 1970236 (Ohio Ct. App., Cuyahoga County May 1, 2019). Lastly, R.C.

2929.141(A)(1) provides: (A) Upon the conviction of or plea of guilty to a felony by a person on post-release control at the time of the commission of the felony, the court may terminate the term of post-release control, and the court may do either of the following regardless of whether the sentencing court or another court of this state imposed the original prison term for which the person is on post-release control. See *State v. Whitman*, 2021-Ohio-4510, P24, 182 N.E.3d 506, 513, 2021 Ohio App. LEXIS 4420, *13, 2021 WL 6065733 (Ohio Ct. App., Sandusky County December 22, 2021).

Clearly, the Ohio Revised Code § 2967.28 (H) (1), states: "*A period of post-release control shall not be imposed consecutively to any other post-release control period.*" This court has previously rejected this precise argument and held that *Saxon* does not address the imposition of multiple periods of post release control. *State v. Byrd*, 8th Dist. Cuyahoga No. 98037, 2012-Ohio-5728, ¶ 32, citing *State v. Orr*, 8th Dist. Cuyahoga No. 96377, 2011-Ohio-6269, ¶ 46-50; *State v. Morris*, 8th Dist. Cuyahoga No. 97215, 2012-Ohio-2498, ¶ 16-18. In *Byrd, Orr*, and *Morris*, it was explained that **R.C. 2967.28(F)(4)(c) precludes the court or parole board from imposing more than one period of post release control in cases that involve multiple convictions.** *Id. State v. Davis*, 2018-Ohio-1147, P70, 2018 Ohio App. LEXIS 1262, *28, 2018 WL 1560332 (Ohio Ct. App., Cuyahoga County March 22, 2018) ("If an offender is subject to more than one period of post release control, **the period of post release control for all of the sentences shall be the period of post release control that expires last, as determined by the parole board or court.** In addition, "*the periods of post release control shall be served concurrently and shall not be imposed consecutively to each other.*") *State v. Thompson*, 2020-Ohio-671, P29, 2020 Ohio App. LEXIS 601, *14-15, 2020 WL 953526 (Ohio Ct. App., Cuyahoga County February 27, 2020).

Therefore, the Sixth Circuit – United States District Court is cognizable that the Plaintiffs' **CANNOT HAVE STACKED POST RELEASE CONTROL PERIODS**, because the Ohio Revised Codes §§ 2967.28 (F) (4) (c), (H) (1) and 2929.141 (A) (1), prevents the State courts and the Ohio Adult Parole Authority from doing so (that is to say, stacking time of post release control is illegal and unconstitutional, and it is allowing consecutive post release control periods when the Ohio General Assembly has not authorized any of these state agencies to do so). THERE ARE HUNDREDS IF NOT THOUSANDS OF INMATES THAT HAVE POST RELEASE CONTROL PERIODS STACKED FOR EACH OF THEIR NUMBERS AND THE OHIO APA CONTINUES THIS PRACTICE TO THIS DAY.

## COMPLAINT THREE (3):

**PERSONNEL OF THE OHIO DEPT. OF REHAB. & CORRECTIONS, OHIO ADULT PAROLE AUTHORITY AND LORAIN CORRECTIONAL INSTITUTION HAVE ACTED IN CONCERT TO DENY THE PAROLEES/PLAINTIFFS' FIRST AND FOURTEENTH AMENDMENT RIGHTS TO THE U.S. CONSTITUTION, BY HINDERING PAROLEES RIGHTS TO FILE GRIEVANCES FURTHERING THE FRAUD BY THE STATE OF OHIO TO WRONGFULLY IMPRISON, INCARCERATE AND MAKE MONEY OFF OF PAROLEES BODIES**

The Plaintiffs' pronounce that members of these agencies of the State of Ohio, have colluded with and conspired to hinder the rights of the Plaintiffs', as it relates to the first two "propositions of law", which is a blatant disregard to the Plaintiffs' constitutional rights. The Plaintiffs' assert that on June 16, 2022 at 11:51 AM – 12:05 PM – 12:15 PM; June 17, 2022 at 3:07 PM; and June 19, 2022 at 8:18 AM a chain of emails went through all three of these organizations that explicitly illustrates that the state agencies agents: Kimberly Albert, Tina Grudzien-Costello, Roger Wright, Rebecca Vogel, Ashley Stenroos, Donella Maestre, Ted Davis, Kevin Criner, Carl Mansfield, Tammy Taylor, Maxine Armstrong, Jennifer Gillece Black, Dave Brown, Stephen Vukmer, Catherine Hastings, James Wilson, Michael Edwards, Tonya Ellis, Eric French, Catherine Giallourakis, Richard Gilsta, Gerald Grammes, Jill Herman, Jacqueline Miller, Sandra Gugliotta, Tyshawn Irby, Michelle Roche, Richard Sibilski, Joy Reid, Jason Stasenko, Jana Tolliver, Ronald Warchol conspired to hinder parolees from filing grievances. (See Ex. F, G, H).

That chain of emails, encouraged them all to stop the grievance process, as it relates to the improper sentencing of inmates, and the stacking of post release control. Moreover, the Lorain Correctional Institution has advised the teaching staff that was working in lieu of, not having a librarian, to no longer provide journal entries of the individual Plaintiffs'. Thus, all of the named individuals have an email address which states their first.lastname@odrc.state.oh.us and that this action was done on June 16, 2022 at 1:40 PM, while Mr. Sotosanti worked the library, in lieu of not having a librarian. This is a clear *"denial of access to courts"*, because they have also stopped any parolee/Plaintiff from acquiring notarization of their sworn statements detailing our respective innocence.

As of June 21, 2022 - the legal aide of the Lorain Correctional Institution, was advised and shown the aforementioned emails that illustrated the names aforementioned, and it is with absolute certainty, that the legal aide – Charles Lucas, #A761-873 could not know of - - and does not know any of the above named individuals on a personal nature to know their names: 1) because he is a resident of Florida; and 2) he has never had contact with the majority of the names presented herein. More importantly, the form **DRC 3218 (REV. 07/14)** from the Ohio Department of Rehabilitation and Correction Adult Parole Authority – Grievance Procedures asks: "What is grievable?" Thus, the Plaintiffs' argue that numbers 1 and 2, of "what is grievable" is addressed in the first two complaints herein above. (See Ex. A)

Furthermore, **inmate Kyle Rhees - #A763104,** received an answered email kite from the Ohio Adult Parole Authority's Hearing Officer – Catherine Hastings, that puts "an exuberant light" as to whether or not they (OHIO Adult Parole Authority), are an executive branch of the government of Ohio. Catherine Hastings (APA Hearing Officer), answered this question when she informed Mr. Rhees, that they were in fact, an administrative agency of the government **NOT an executive branch of the government of Ohio**. As Mrs./Ms. Catherine Hastings responded:

"*You are also applying Court rules to APA which does not apply*." 4/25/2022 10:58:07 AM. (Ex. D.)
"*Trial court rules do not apply to APA, APA is an administrative body.*" 4/25/2022 11:58:53 AM. (Ex. E).

Clearly, THESE TWO COMMENTS ABOVE MADE BY "MS. HASTINGS", IS AN ABSOLUTE LIE, as the rule of *Burkholder* applies to parole revocation hearings as well as to probation revocation hearings. *State ex rel. Wright v. Ohio Adult Parole Auth.*, 75 Ohio St. 3d 82, 84, 661 N.E.2d 728, 731, 1996 Ohio LEXIS 174, *4 (Ohio March 4, 1996). These are the illusory comments that dissuade a parolee from his entitled freedoms. The substantive issue in this case is whether the exclusionary rule applies to parole revocation proceedings. The court of appeals, relying on *Burkholder*, concluded that it did, and found that the APA considered improperly seized evidence at the final parole revocation hearing.

The court of appeals determined that since "a probationer's constitutional rights with respect to a revocation hearing are no greater and do not differ from those of a parolee," *Burkholder* should apply to parole revocation proceedings. We agree with the court of appeals on this question. This court has noted that *Burkholder* stands for the proposition that there is "no material difference between probationers and parolees in the context of constitutional guarantees." *State v. Roberts* (1987), 32 Ohio St. 3d 225, 229, 513 N.E.2d 720, 723. This position is consistent with considerations of constitutional rights in revocation proceedings in general. See *Gagnon v. Scarpelli* (1973), 411 U.S. 778, 782, 93 S. Ct. 1756, 1759, 36 L. Ed. 2d 656, 661-662, fn.3 ("Despite the undoubted minor differences between probation and parole, the commentators have agreed that revocation of probation where the sentence has been imposed previously is constitutionally indistinguishable from the revocation of parole.").

It is also consistent with application of the exclusionary rule to revocation proceedings in particular. See, generally, Annotation, Admissibility, in State Probation Revocation Proceedings, of Evidence Obtained Through Illegal Search and Seizure (1977), 77 A.L.R.3d 636, 641, Section 2(b) ("The rules governing the admissibility of evidence obtained through illegal search and seizure are the same for probation revocation proceedings as for parole revocation proceedings.").*State ex rel. Wright v. Ohio Adult Parole Auth.*, 75 Ohio St. 3d 82, 87-88, 661 N.E.2d 728, 733, 1996 Ohio LEXIS 174, *11-13 (Ohio March 4, 1996).

imposed sentence and **has been delegated the responsibility over the release determinations under R.C. 2967.271(C)-(F).** This is similar, if not identical, to the executive branch's authority to release offenders from sentences under Ohio's parole system for indefinite life sentences. R.C. 2967.12; 2967.16. *State v. Delvallie*, 2022-Ohio-470, P24-P25, 185 N.E.3d 536, 547, 2022 Ohio App. LEXIS 401, *16-18, 2022 WL 485030 (Ohio Ct. App., Cuyahoga County February 17, 2022).

It has long been understood that "'when the power to sanction is delegated to the executive branch, a separation-of-powers problem is avoided *if the sanction is originally imposed by a court and included in its sentence.*'" *State v. Ferguson*, 2d Dist. Montgomery No. 28644, 2020-Ohio-4153, ¶ 23; *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, ¶ 18-20; *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 19; *Woods v. Telb*, 89 Ohio St.3d 504, 512-513, 2000- Ohio 171, 733 N.E.2d 1103 (2000). <u>The Plaintiffs' agree with that the dissents built upon the panel discussions in *Delvallie, Sealey*, and *Daniel* to essentially claim that R.C. 2967.271(C) and (D) must either enumerate the rights afforded to an inmate during the maximum-term hearing or include an express delegation of authority to the executive branch to promulgate (that means to declare) - the rules. In the absence of either, according to the dissents, the statute is unconstitutional and any sentencing under R.C 2929.144 (maximum term) and R.C. 2929.14(A)(1)(a) and (A)(2)(a) (minimum term) must be declared void.</u> Neither the Ohio nor federal Constitution **mandates** such a requirement.

Although *Delvallie, Daniel*, and *Sealey* present a thorough discussion of the creation of a liberty interest, we need not entertain that discussion. *See, e.g., Sealey*, 8th Dist. Cuyahoga No. 109670, 2021-Ohio-1949, at ¶ 11-20, 173 N.E.3d 894. Because this is a facial challenge to a statute, whether a liberty interest exists over an inmate's right to be released from a prison term is not relevant to the constitutional validity of the conviction itself because that liberty interest does not arise until after the offender is sentenced and his conviction deemed final. *Morrissey* at 480. Therefore, it can be ascertained by the Plaintiffs', their family members and this Court that if the Supreme Court sets forth the "minimal requirements at a parole revocation hearing", then it is clear that the hearing officers – such as Catherine Hastings and Michael Anderson, Chief Hearing Officer of the Ohio Adult Parole Authority are not following those minimal requirements. They (OHIO APA), have only the power to release an inmate/parolee (Plaintiff), NOT TO SENTENCE THEM because the statute is unconstitutional – AND ANY SENTENCING UNDER R.C. §§ 2929.144and 2929.14 (A) (1) (a) & (A) (2) (a) is to be declared void.

**"[T]he minimum requirements of due process," upon determining the existence of a liberty interest in an inmate's release from a prison term, include the following for parole revocation proceedings: (a)** *<u>written notice of the claimed violations of parole</u>*; **(b)** *<u>disclosure to the parolee of evidence against him</u>*; **(c)** *<u>opportunity to be heard in person and to present witnesses and documentary evidence</u>*; **(d)** *<u>the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation</u>*; **(e)** *<u>a "neutral and detached" hearing body such as a traditional parole board,</u>*

_members of which need not be judicial officers or lawyers_; and **(f)** _a written statement by the factfinders as to the evidence relied on and reasons for revoking parole._"

*Morrissey*, 408 U.S. at 489. Any violation of *Morrissey* requires a court of review to remand the matter for a hearing to be conducted in conformity with the procedural requirements. *State ex rel. Womack v. Sloan*, 152 Ohio St.3d 32, 2017-Ohio-8708, 92 N.E.3d 836, ¶ 6, citing *Scarberry v. Turner*, 139 Ohio St.3d 111, 2014-Ohio-1587, 9 N.E.3d 1022, ¶ 13 ("[t]he remedies for an alleged *Morrissey* due-process violation is a new hearing, not immediate release from confinement."). Further, *"the legislature may delegate policy-making or rulemaking authority to an executive agency in compliance with all constitutional requirements."* *Morrissey* at 490.

According to *Morrissey*, if "the *procedures* followed by the Parole Board are found to meet the standards laid down in this opinion that, too, would dispose of the due process claims for these cases." (Emphasis added.) *Id.*; *see also Sealey* at ¶ 41; *Daniel*, 8th Dist. Cuyahoga No. 109583, 2021-Ohio-1963, at ¶ 41, 173 N.E.3d 184. Both *Sealey* and *Daniel* at ¶ 41, recognize that the legislature may delegate authority to ODRC to draft the procedural rules to satisfy *Morrissey*, but disregard the legislature's delegation of authority under R.C. 5120.01 to accomplish the task. *State v. Delvallie*, 2022-Ohio-470, P50-P53, 185 N.E.3d 536, 554-555, 2022 Ohio App. LEXIS 401, *33-37, 2022 WL 485030 (Ohio Ct. App., Cuyahoga County February 17, 2022).

The Plaintiffs' asserts before this Court as evidence the hearing officers operating revocation hearings in the Lorain Correctional Institution, are not abiding by the minimum requirements of due process, as it pertains to evocation hearings (bolded and underlined above), as shown by Mr. Kevin Fluellen's case no. 21 CR 007703 in Franklin County Common Pleas Court, as follows:

"the parolee – **Kevin Fluellen, who on 06/05/2021, he was charged with aggravated burglary (F1), abduction (F3) and weapons under disability (F3). On 06/08/202, the alleged victim that reported these crimes, then drafted and notarized an affidavit stating: 1) that she knew about my criminal history and the fact that I was on PRC; 2) and that she made a false alarm (R.C. 2917.32) – against Mr. Fluellen over his intimate dealings with another woman, in re case no. 2021-CR-007703 in Franklin County Common Pleas Court. On 03/02/2022, Mr. Fluellen was apprehended in Franklin County, and on 03/03/2022 was provided representation of one – Stephen Chinn for an arraignment. At the felony arraignment, the alleged victim in this case, retracted her claim against Mr. Fluellen and admitted that she just wanted to hurt Mr. Fluellen as bad as she was hurting, due solely to the fact that Mr. Fluellen found another woman. On 03/11/2022, during the preliminary hearing of Mr. Fluellen, the trial court dismissed all felony charges that were placed against him involving case no. 21-CR-007703, which then made Mr. Fluellen available to the Ohio APA on 03/21/2022. Accordingly, Mr. Fluellen was then served with a notice for a violation hearing by Holly Tharp, that was set for 04/14/2022.**"

Unfortunately, the Ohio APA failed to follow policies, procedures, and/or administrative rules and regulations", which is grievable, **under #2 of the form DRC 3218 (REV. 0/14).** As bolded and underlined, referencing *Morrisey.* Because the APA Hearing Officer found him guilty of Rule 2 and Rule 4, based off of the preponderance of evidence of the record as a whole, and Mr. Fluellen was sentenced to 270 days' imprisonment

in Lorain Correctional Institution, with a release date of 12/05/2022. The hearing officer had the affidavit of Mr. Fluellen's alleged victim, and had the hearing officer operated within a narrow inquiry; the process should have been flexible enough to consider evidence including letters, **affidavits**, and other material that would not be admissible in an adversary criminal trial. *Morrissey v. Brewer,* 408 U.S. 471, 489, 92 S. Ct. 2593, 2604, 33 L. Ed. 2d 484, 499, 1972 U.S. LEXIS 19, *34 (U.S. June 29, 1972). Thus, had the hearing officer had read and comprehended the affidavit presented before the revocation hearing officer, Mr. Fluellen, would not and should not, be serving 270 days for a crime that not only DID NOT OCCUR - - but that was made up by the alleged victim. This is the impropriety of the hearing officers, to falsely justify housing Plaintiff's like Mr. Fluellen, without probable cause, without any violations being committed by Mr. Fluellen, and therefore proves that the Ohio APA, Ohio Dept. of Rehabilitation and Corrections – Lorain Correctional Institution has no basis or right to wrongfully imprison him or others like him.

Clearly, the liberty of a parolee/Plaintiffs', although indeterminate, includes many of the core values of unqualified liberty and its termination inflicts a "*grievous loss*" on the parolee and often on others. It is hardly useful any longer to try to deal with this problem in terms of whether the parolee's liberty is a "right" or a "privilege." By whatever name, the liberty is valuable and must be seen as within the protection of the Fourteenth Amendment. Its termination calls for some orderly process, however informal. *Morrissey v. Brewer*, 408 U.S. 471, 482, 92 S. Ct. 2593, 2601, 33 L. Ed. 2d 484, 495, 1972 U.S. LEXIS 19, *22 (U.S. June 29, 1972) (the orderly process in Mr. Fluellen's instance would have been to not imprison him for something he was not culpable for). The revocation of parole of Mr. Fluellen's post release control (like other Plaintiffs'), implicates constitutional liberty interests and triggers certain due-process protections. *See Scarberry v. Turner*, 139 Ohio St.3d 111, 2014-Ohio-1587, 9 N.E.3d 1022, ¶ 13, citing *Morrissey v. Brewer*, 408 U.S. 471, 92 S. Ct. 2593, 33 L.Ed.2d 484 (1972). *State ex rel. Womack v. Sloan*, 152 Ohio St. 3d 32, 33, 2017-Ohio-8708, P6, 92 N.E.3d 836, 838, 2017 Ohio LEXIS 2370, *2, 2017 WL 5900537 (Ohio November 29, 2017).

In addition, like *Woods,* the Plaintiffs' pronounce that is was held that the bad-time statute was unconstitutional because the bad-time statute set up a scheme whereby the Parole Board acted "as judge, prosecutor, and jury," for an action that could be prosecuted as a felony in a court of law. *State ex rel. Bray v. Russell* (2000), 89 Ohio St. 3d 132, 135, 729 N.E.2d 359, 362. While we acknowledged that prison discipline is a proper exercise of executive power, we concluded that trying, convicting, and sentencing inmates for crimes committed while in prison is *not* an appropriate exercise of executive power. *Id.,* 89 Ohio St. 3d at 136, 729 N.E.2d at 362. The commission of the "crime" actually resulted in an additional sentence being imposed by an administrator. **If an offense done by the Plaintiff, was serious enough to constitute an additional crime, and the prison authorities did not feel that administrative sanctions were sufficient** (*i.e.*, isolation, loss of privileges), **the prison authorities should bring additional charges in a court of law, as they did before SB 2.** Accordingly, we held that R.C. 2967.11 violated the doctrine of separation of powers and is therefore

unconstitutional. *Woods v. Telb*, 89 Ohio St. 3d 504, 512, 733 N.E.2d 1103, 1109-1110, 2000 Ohio LEXIS 1856, *20-21, 2000-Ohio-171 (Ohio August 3, 2000). Therefore, in reading *Woods,* it should be **reasonably obvious that the Ohio APA should not be sentencing anyone for crimes that the courts have already found to be not guilty of or have (dismissed with or without prejudice).** The Plaintiffs' seek the Honorable Sixth Circuit to execute an investigation into all parolees who have been found to have their cases dismissed and to immediately release them from prison, as they did not do anything to violate post release control because the police contact was contrived from events that apparently did not occur. Just like Plaintiff – Kevin Fluellen

## **COMPLAINT FOUR (4):**

**THE STATE AGENCIES AGENTS ACTED IN CONCERT TO VIOLATE: 18 USCS § 242 "deprivation of rights under color of law", 18 USCS § 241 "conspiracy against rights", 18 USCS § 1590 "trafficking with respect to peonage, slavery, involuntary servitude or forced labor", 18 USCS § 1593A "benefitting financially from peonage, slavery and trafficking of persons", BY THEIR DELIBERATE VIOLATION OF 18 USCS § 1509 "obstruction of court orders", 18 USCS § 1001 "statements or entries generally", 18 USCS § 1621 "perjury generally", AND 18 USCS § 1038 (a) (1) "false information and hoaxes" DOING SO BY THEIR DELIBERATE 18 USCS § 371 "conspiracy to commit offense or to defraud United States"**

The state agencies agents: Kimberly Albert, Tina Grudzien-Costello, Roger Wright, Rebecca Vogel, Ashley Stenroos, Donella Maestre, Ted Davis, Kevin Criner, Carl Mansfield, Tammy Taylor, Maxine Armstrong, Jennifer Gillece Black, Dave Brown, Stephen Vukmer, Catherine Hastings, James Wilson, Michael Edwards, Tonya Ellis, Eric French, Catherine Giallourakis, Richard Gilsta, Gerald Grammes, Jill Herman, Jacqueline Miller, Sandra Gugliotta, Tyshawn Irby, Michelle Roche, Richard Sibilski, Joy Reid, Jason Stasenko, Jana Tolliver, and Ronald Warchol conspired to hinder parolees from filing grievances. (See Ex. F, G, H).The JPay emails from Catherine Hastings to Inmate Kyle Rhees are inflammatory and baselessly untrue and the intranet emails of the rest of the participants acting on behalf of these state agencies are culpable for "obstructing court orders" under 18 USCS § 1509, because they failed to comply with the sentencing judgment entries like that of Raymond Ladelle Hairston's and many, many other Plaintiffs' who asserted grievances indicating that the "special conditions of supervision other than those imposed by the court, as every Plaintiff submitted a sworn statement along with their sentencing journal entries detailing the facts that they were not properly imposed post release control.

Yet, these NAMED individuals and others have acted in a reckless disregard of the truthful contents of these numerous journal entries only to sentence the Plaintiffs' to more time, knowing that these individuals were not under post release control. Which goes against the Supreme Court of Ohio holdings in *State v. Hutter*, 2018-Ohio-3488, P17, 2018 Ohio App. LEXIS 3798, *10-11, 2018 WL 4181804 (Ohio Ct. App., Mahoning County

August 29, 2018); *State v. Bunn,* **2019**-Ohio-2703, P16, 2019 Ohio App. LEXIS 2834, \*8, 2019 WL 2764072 (Ohio Ct. App., Mahoning County June 14, 2019); *State v. Bates,* **2022**-Ohio-475, P12, 2022 Ohio LEXIS 357, \*8, 2022 WL 516570 (Ohio February 22, 2022). *State v. Nascembeni,* **2022**-Ohio-1662, P11, 2022 Ohio App. LEXIS 1534, \*6, 2022 WL 1580476 (Ohio Ct. App., Cuyahoga County May 19, 2022).

Liberally construed, the investigators of this Honorable Court can ascertain that the aforementioned individuals have all collectively participated in covering up:

**COMPLAINT ONE:** The Plaintiffs' assertions that without proper imposition of post release control "[a Plaintiff's] liberty **would not be restrained after he served his prison sentence and he would not be under the obligations associated with supervision.**" As opined as a finding of fact and conclusion of law in: *State v. Bates*, Slip Opinion No. 2022-Ohio-475, ¶ 21; *State v. Harris*, 8th Dist. Cuyahoga No. 91947, 2009-Ohio-1695, ¶ 10. *State v. Nascembeni*, 2022-Ohio-1662, P11, 2022 Ohio App. LEXIS 1534, \*6, 2022 WL 1580476 (Ohio Ct. App., Cuyahoga County May 19, 2022).

**COMPLAINT TWO:** The Plaintiffs' cannot have their multiple convictions indicating post release control stacked or ran consecutively because once a Plaintiff receives a new prison number for a new felony, the Courts are to terminate the previous post release control", as in *State v. Nix*, 2019-Ohio-1640, P6, 2019 Ohio App. LEXIS 1731, \*4, 2019 WL 1970236 (Ohio Ct. App., Cuyahoga County May 1, 2019).

COMPLAINTS THREE & FOUR: Shows the concerted actions of the state agencies agents in preventing the Plaintiffs' from their entitled liberties and the federal crimes committed to house the Plaintiffs' illegally in Lorain Correctional Institution and throughout the State of Ohio's Department of Rehabilitation and Correction.

This complaint is one of great public interest and importance because of media attention to the privatization of governmental functions, the historic importance of issues of public debt and the relationship of corporations to public expenditures, and the alleged lack of accountability and commingling of public and private funds. *ProgressOhio.org, Inc. v. JobsOhio*, 10th Dist. No. 11AP-1136, 2012-Ohio-2655, ¶ 30, 973 N.E.2d 307. *State ex rel. Ullmann v. Husted*, 2015-Ohio-3120, P16, 2015 Ohio App. LEXIS 3035, \*6-7, 2015 WL 4628279 (Ohio Ct. App., Franklin County August 4, 2015).