# ADULT PAROLE AUTHORITY
# Grievance Procedures

Ex. A

All offenders under the supervision of the Adult Parole Authority (APA) are afforded the opportunity to voice complaints or grievances in certain situations. The grievance procedure is a method of formally presenting complaints to the APA when a offender has been unsuccessful in attempting to resolve a complaint through normal channels.

A grievance is a complaint about any policy, rule, practice or act by the Adult Parole Authority or its employees which directly affects the offender making the complaint and which is presented for resolution through the process outlined below.

**What is grievable?** Grievances may involve any aspect of community supervision which affects a grievant personally, including:

1. Special conditions of supervision other than those imposed by the court or parole board.
2. Complaints regarding failure on the part of the APA, or any of its staff to follow policies, procedures, and/or administrative rules and regulations.
3. Complaints regarding the actions of a staff member(s) that have resulted in direct or indirect injury to the offender.
4. Payment of supervision fee where the offender has an ongoing permanent injury or condition.
5. Complaints regarding a Parole Final Release or PRC reduction recommendation that was not submitted at the earliest applicable date.

**What is NOT grievable?**

1. Parole Board ordered Special Conditions and/or Sanctions and Parole Final Release or PRC reduction decisions.
2. Court ordered Special Conditions and/or Sanctions.
3. Arrest for Supervision violations.
4. Failure to follow the directions/instructions of the APA staff.
5. Final decision of previous grievances.
6. Complaints unrelated to supervision, e.g. prison complaints, legislative action, judicial proceedings and sentencing.
7. Any subject matter exclusively within the jurisdiction of the Courts or other agencies, e.g. Human Services.

**Procedure:**

The offender should first attempt to resolve the complaint or problem at the unit level through meetings with the supervising officer or unit supervisor. If this is not productive or possible within seven (7) business days after a conference to resolve the issue, the offender must inform the Regional Administrator of the grievance in writing, on the grievance form (DRC3219) which is available at the District Office. Attempts will be made to resolve the grievance at this level. If the problem is not resolved at this level, an appeal process to the Chief of the APA or designee is available. Appeals must be filed within fifteen (15) business days of the receipt of the Regional Administrator's decision.

**The above grievance procedure has been read and thoroughly explained to me.
I am indicating by my signature that I understand this process.**

| Offender Signature: | Number: | Date: |
|---|---|---|
| Officer Signature: | | Date: |

DRC 3218 (REV. 07/14)    DISTRIBUTION:    WHITE - File    CANARY - Parole Probationer

PAGE: 2
CASE NO. 2004 CR 01534/1
STATE VS. RAYMOND LADELLE HAIRSTON

Court costs to be paid in full in the amount determined by the Montgomery County Clerk of Courts.

The defendant is to receive credit for **134** days spent in confinement. Further the defendant shall receive _____ days credit from the Sheriff from the day of sentencing _____ to the day of transport _____.

The Court advised the defendant that following the defendant's release from prison, the defendant will/may serve a period of post-release control under the supervision of the parole board.

Should the defendant violate any post-release control sanction or any law, the adult parole board may impose a more restrictive sanction. The parole board may increase the length of the post-release control. The parole board could impose an additional nine (9) months prison term for each violation for a total of up to fifty percent (50%) of the original sentence imposed by the court. If the violation of the sanction is a felony, in addition to being prosecuted and sentenced for the new felony, the defendant may receive from the court a prison term for the violation of the post-release control itself.

The Court did fully explain to defendant his appellate rights and the defendant informed the Court that said rights were understood.

The defendant is sentenced under Sections **2925.03(A)(1), 2925.11(A) and 2923.24(A)**, of the Ohio Revised Code. **BOND IS RELEASED.**

JUDGE JOHN P. PETZOLD FOR
JUDGE MICHAEL T. HALL

Assistant Prosecuting Attorney: LAURENCE A. LASKY #0002959
Defense Counsel: DAVID J. FIERST, 4130 LINDEN AVE., STE. 205, DAYTON, OH 45432
Montgomery County Sheriff's Office, Attn: Jail Records
Montgomery County Clerk of Courts – Bookkeeping Dept.
Adult Probation Department
Caseflow Services
KAT/10-12-04

5/6/2022



MARIA A WILLIAMS
NOTARY PUBLIC - OHIO
MY COMMISSION EXPIRES 08-25-24

Ex. B

| Ref# LORCI0422002550 | Housing:10B229B | Date Created:04/24/2022 |
|---|---|---|
| ID#: A763104 | Name:RHEES,KYLE | |
| Form:Kite | Subject:APA | Description:APA |
| Urgent:No | Time left:n/a | Status:Closed |

Original Form
4/24/2022 2:30:38 PM : ( a763104 ) wrote
REQUEST FOR JAIL SANCTION CREDIT PART 2
Time spent in a rehabilitation facility where one's ability to leave whenever they wish is restricted may be considered (confinement) for the purposes of ORC 2967.191.
The Ohio Supreme Court has found that "confinement" also includes facilities where a failure to return constitutes escape. "Confinement" also includes facilities that have day privileges only with permission and only to specified places at designated times. All of which apply to the rules at the VOA where I was held for 94 days. I was under the APA supervision and not allowed to leave the facility, and not return without the APA'S consent, or I would have been charged with escape. That makes a halfway house into "official detention". ORC 1.05 (A) provides that a term of confinement in a facility should be considered as a sentence of imprisonment under ORC 2929.41 (A). As such, ORC 2949.08 confinement upon conviction, reduction of sentence for prior confinement. Section D for the purpose of divisions B and C of this section, " a person should be considered to have been confined for a day if the person was confined for any period or periods of time totally more than 8 hours that day."
18 U.S.C.S. 3585; (b) credit for prior custody. A defendant shall be given credit for a term of imprisonment for ANY TIME he has spent in "official detention" prior to the date of sentence commences-
(1) As a result of the offense for which the sentence was imposed; or
(2) As a result of any other charge for which the defendant was arrested AFTER the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.
CASE LAW states:
(p5) On March 10, 2011, Appellee filed a motion for additional jail time credit for the time he spent in the VOA program by judgement entry. Filed March 23, 2011, the trial court granted the motion and awarded the appellee 139 days of jail time credit.
CONTINUED IN NEXT KITE PART 3

Communications / Case Actions
4/24/2022 2:30:38 PM : ( a763104 ) wrote
Form has been submitted

4/25/2022 10:58:07 AM : ( Catherine Hastings ) wrote
asked/answered. You are also applying Court rules to APA which does not apply.
C.Hastings (APA)

4/25/2022 10:58:13 AM : ( Catherine Hastings ) wrote
Closed incarcerated individual form

Ex. D

| Ref# LORCI0422002576 | Housing:10B229B | Date Created:04/24/2022 |
| --- | --- | --- |
| ID#: A763104 | Name:RHEES,KYLE | |
| Form:Kite | Subject:APA | Description:APA |
| Urgent:No | Time left:n/a | Status:Closed |

Original Form
4/24/2022 6:00:18 PM : ( A763104 ) wrote
CONTINUE CASE LAW:
(P17) Secondly, did the trial court abuse this discretion in considering appellee's community control participation in the VOA program in calculating jail credit? Obviously, the answer is no. The trial court had complete discretion in determining the scope of the sentence in terminating appellee's community control.
State v. Caldwell, 2011-Ohio-4385
HN5- Criminal law & procedure, sentencing
Although the word "imprisonment" is not defined in ORC 2929.19 et seq., ORC1.05(C) defines "imprisoned" or imprisonment means being imprisoned under a sentence and owes for an offense or serving a term of imprisonment, prison term, jail term, term of local incarceration, or other terms under a sentence imposed for an offense in an institution under the control of the Department of Rehabilitation and Correction, a county, a multi-county, municipal, municipal-county, or multi-county-municipal jail or workhouse, a minimum security jail, a community based correctional facility, A HALFWAY HOUSE, an alternative residential facility, or another facility described or referred to in ORC 2929.34 for the type of criminal offense and under the circumstances specified or referred to in that section.
State v. Williams, 2011-Ohio 1979
Overview:
At a halfway house where the defendant stayed prior to the sentencing, a defendant was required to obey all the rules of the house, required to seek employment, required to abide by a curfew, was limited in how much time he could be away from the house, and was subject to frequent bed checks and drug testing. The court found that the district court erred in denying habeas corpus relief because the restrictions of the halfway house were too similar to incarceration to permit a distinction for the purposes of credit for time served. The court noted that the restrictions placed upon the defendant were similar to those placed on jail prisoners who have work release privileges. Thus while the defendant was in the halfway house, he was "official detention" under 18 U.S.C.S. 3585(b) and should receive credit against his sentence for time served.
Defendant should have received credit against bank fraud sentence for 150 days spent in halfway house while awaiting trial in sentence, since he was in "official detention" within the meaning of 18

Communications / Case Actions
4/24/2022 6:00:18 PM : ( A763104 ) wrote
Form has been submitted

*4/25/2022 11:58:53 AM : ( Catherine Hastings ) wrote*
Trial court rules do not apply to APA, APA is an administrative body.
C.Hastings (APA)

*4/25/2022 11:59:28 AM : ( Catherine Hastings ) wrote*
Closed incarcerated individual form

Ex. E

| | |
|---|---|
| **From:** | Albert, Kimberly |
| **Sent:** | Thursday, June 16, 2022 12:15 PM |
| **To:** | Williams, Maria; eugmc@yahoo.com; Bohles, Darryl |
| **Cc:** | Wright, Roger; Stenroos, Ashley |
| **Subject:** | FW: APA grievances |
| **Attachments:** | not grievable.pdf |

FYI – please make sure these types of forms are NOT distributed to the IA. Thanks!

Kimberly Albert, M.S. Ed.
School Adminisrator

Ohio Department of Rehabilitiation & Correction
Ohio Central School System
Lorain Correctional Institution

Office Phone 440.316.4890
Work Cell 614.307.7937

---

**From:** Grudzien-Costello, Tina <Tina.Grudzien@odrc.state.oh.us>
**Sent:** Thursday, June 16, 2022 12:05 PM
**To:** Albert, Kimberly <Kimberly.Albert@odrc.state.oh.us>; Wright, Roger <roger.wright@odrc.state.oh.us>
**Subject:** FW: APA grievances

FYI-APA wanted me to share this, the hearing officer's state these forms are being handed out at the library.

Tina

---

**From:** Vogel, Rebecca <rebecca.vogel@odrc.state.oh.us>
**Sent:** Thursday, June 16, 2022 11:51 AM
**To:** Grudzien-Costello, Tina <Tina.Grudzien@odrc.state.oh.us>
**Subject:** APA grievances

Hi, APA has received a rash of grievances to respond and serve on inmates. They are grieving things that are not grievable. I have attached the list of what is not grievable. The grievances that I have seen were all non grievable items, being extradited (part of supervision) being placed on PRC, Journal entry with regards to PRC language(Court issue) etc. If we could share this with those handing out the forms it would be appreciated. This is causing a lot of unnecessary work for APA staff.

Thanks,
Becky

---

Please note that an e-mail message, or a portion thereof, may be releasable as a public record in accordance with Chapter 149 of the Ohio Revised Code.

Ex. G

**From:** MAESTRE, Donella
**Sent:** Sunday, June 19, 2022 8:18 AM
**To:** Keeley, Patricia; Williams, Maria
**Subject:** Fw: Frivolous grievances
**Attachments:** APA grievance procedure.pdf

FYI

---

**From:** Davis, Ted <ted.davis@odrc.state.oh.us>
**Sent:** Friday, June 17, 2022 3:07 PM
**To:** Criner, Kevin <Kevin.Criner@odrc.state.oh.us>; Mansfield, Carl <Carl.Mansfield@odrc.state.oh.us>; Taylor, Tammy <tammy.taylor@odrc.state.oh.us>; MAESTRE, Donella <Donella.Maestre@odrc.state.oh.us>; Wright, Edward <Edward.Wright@odrc.state.oh.us>; Armstrong, Maxine <maxine.davis@odrc.state.oh.us>
**Cc:** Black, Jennifer <jennifer.gillece@odrc.state.oh.us>; Brown, Dave (LORCI) <dave.brown@odrc.state.oh.us>; Vukmer, Stephen <Steve.Vukmer@odrc.state.oh.us>; Hastings, Catherine <Catherine.Hastings@odrc.state.oh.us>; Wilson, James <James.Wilson@odrc.state.oh.us>
**Subject:** Frivolous grievances

Good afternoon everyone,

Please see below regarding frivolous grievances. We are getting a lot of these from offenders at LorCI. Please explain to the offenders in your housing units that we will not respond to any grievance that relate to issues that are not grievable. Here is a list of what is **not** grievable:

## What is NOT grievable?

1. Parole Board ordered Special Conditions and/or Sanctions and Parole Final Release or PRC reduction decisions.

2. Court ordered Special Conditions and/or Sanctions.

3. Arrest for Supervision violations.

4. Failure to follow the directions/instructions of the APA staff.

5. Final decision of previous grievances.

6. Complaints unrelated to supervision, e.g. prison complaints, legislative action, judicial proceedings and sentencing.

7. Any subject matter exclusively within the jurisdiction of the Courts or other agencies, e.g. Human Services.

Any grievance received that pertains to issues that are not grievable will be discarded. I have attached a copy of DRC 3218 that explains our grievance procedure. Please let me know if you have questions, thanks and have a great weekend.

Ted Davis
Parole Services Supervisor
Lorain 3 - A0916
Erie and Medina County
Cell (216) 312-9872

---

**From:** Vukmer, Stephen <Steve.Vukmer@odrc.state.oh.us>
**Sent:** Friday, June 17, 2022 2:25 PM
**To:** Coats, Jerel <jerel.coats@odrc.state.oh.us>; Davis, Ted <ted.davis@odrc.state.oh.us>; Doerner, Paul <Paul.Doerner@odrc.state.oh.us>; Edwards, Michael <Michael.Edwards@odrc.state.oh.us>; Ellis, Tonya <Tonya.Ellis@odrc.state.oh.us>; French, Eric <Eric.French@odrc.state.oh.us>; Giallourakis, Catherine <Catherine.Giallourakis@mha.ohio.gov>; Glista, Richard <Richard.Glista@odrc.state.oh.us>; Grammes, Gerald <Gerald.Grammes@odrc.state.oh.us>; Gugliotta, Sandra <Sandra.Gugliotta@odrc.state.oh.us>; Herman, Jill <Jill.Herman@odrc.state.oh.us>; Irby, Tyshawn <tyshawn.irby@odrc.state.oh.us>; Miller, Jacqueline <Jacqueline.Miller@odrc.state.oh.us>; Reid, Joy <Joy.Reid@odrc.state.oh.us>; Roche, Michelle <Michelle.Roche@odrc.state.oh.us>; Sibilski, Richard <Richard.Sibilski@odrc.state.oh.us>; Stasenko, Jason <Jason.Stasenko@odrc.state.oh.us>; Tolliver, Jana <Jana.Tolliver@odrc.state.oh.us>; Warchol, Ronald <Ronald.Warchol@odrc.state.oh.us>
**Subject:** Frivolous grievances

All,

I discussed with Katrina today. She will be putting something out, but we are not going to respond to any grievances of offenders being held at LORCI who are grieving issues that are not grievable (challenging their rights, constitutionality, citing case law, PRC in general, etc.). If you receive one of these, you can discard it.

**Ted,**
**We need to highlight the area of our grievance that shows what is NOT grievable and make sure to spell this out to the case managers to explain to the offenders.**

Thanks,

-Steve

---

**From:** Glista, Richard <Richard.Glista@odrc.state.oh.us>
**Sent:** Thursday, June 16, 2022 3:33 PM
**To:** Vukmer, Stephen <Steve.Vukmer@odrc.state.oh.us>
**Subject:** FW: HICKS, Leon A703071

Steve,

This offender was at NEOCC, so PO Miglets was kind enough to serve him the grievance rejection. Not sure if you need it but it's attached (my first one).

2

# Notice of Inter-Institutional Transfer

Ex. I

**TO:**

| Inmate Name: LUCAS, CHARLES A761-873 | |
|---|---|
| Lock: 10B 206B | Institution: Lorain Correctional Institution |

**FROM:** Institutional Classification Committee
**RE:** Institutional Transfer

Pursuant to Administrative Rule 5120-9-21, this is an official notification that you have been approved for an administrative transfer to another institution, in this case, Grafton Correctional Institution

(GCI) 2500 S. Avon Beldon Road Grafton OH 44044

The purpose of the transfer is to enhance the effectiveness and efficiency of institutional operations, or for other institutional management reasons. Your transfer will usually occur within the next seven days, and not less than 24 hours after the serving of this notice. Transfers from reception may take longer than seven days. All property to be transferred must comply with the 2.4 cubic foot limitation.

If you are being charged with misconduct by the sending institution, standard RIB procedures must be followed at the receiving institution within 7 days. Staff persons from the sending institution will conduct the discipline process. Any reclassification action that may be appropriate must be completed within 7 days of the conclusion of the disciplinary proceedings. These requirements are described in Policy Directive 53-CLS-01, VI. G. and H.

If you object to this transfer, you may send a written statement of your objection to the institution classification committee for their review. Following their review, they will forward their recommendation with a written record of their proceedings to the Chief of the Bureau of Classification for a decision. You will receive a copy of their recommendation. Your transfer will not be stayed pending any appeal.

If you believe this transfer raises a life safety issue, you may file an "emergency" grievance with the institutional inspector. You may also challenge the propriety of any classification action by submitting an appeal to the Chief of the Bureau of Classification pursuant to Rule 5120-9-53 of the Administrative Code.

It is your responsibility to notify your next of kin and those on your approved visiting list of this change in status.

**A copy of this Notice was served upon the above-named inmate on:**

| Date: 5-20-22 | Time: 10:02 Am | Staff: M. Armsby |
|---|---|---|

**Signing indicates acknowledgment of receipt of notice.**

**Inmate:**

| Signature: | Number: 761 873 | Date: 05/20/2022 |
|---|---|---|

Original: Unit File    cc: Inmate    cc: Warden    cc: UMA

DRC-2446 E (07/2012)

# LORAIN CORRECTIONAL INSTITUTION INMATES

| NAME | SIGNATURE | INMATE NUMBER |
|---|---|---|
| Alexander Jimenez | [signature] | 704-665 Mahoning |
| 1. Amede Blevins | Amede B. | 773249 Cuyahoga |
| 2. Kinney Starks | [signature] | 754-401 Summit |
| 3. Domanic Grant 625823 | [signature] | 625823 Franklin |
| 4. William Glenn | W Glenn | 758722 Butler |
| 5. Mark Gray Stephens | Mark Gray Stephens | 797724 Magmc |
| 6. Demetrius Smith | [signature] | Montgomery |
| 7. Sentreas [unclear] | [signature] | 640052 Lorain |
| 8. Brian Cannon | K. Cannon | 681-814 Richland |
| 9. Rizq Walker | Rizq Walker | 543-459 Summit Co. |
| 10. Terry [unclear] Jr. | Terry [unclear] Jr. | 673-000 Cuyahoga Co |
| 11. Brandon [unclear] | [signature] | 686-589 Montgomery C. |
| 12. LeBrown [unclear] | [signature] | 775-242 [unclear] |
| 13. Ernest C Burley | E. Burley | 673394 Wyandot |
| 14. William Fluvy III | Wm Fluvy | 739-710 Franklin |
| 15. Quran Boston | Quran Boston | 644 816 |
| 16. Brian Cloud | [signature] | 761·870 Summit Co. |
| 17. Steven Feckley | [signature] | 763-199 Cuyahoga |
| 18. Nikalus Allen | NA | 670-181 Cuyahoga |
| 19. James Brown | [signature] | 763·060 Cuyahoga |
| 20. Randy Fields | R F | 744·436 Butler |
| 21. Kishon Moore | Kishon Moore | 755-971 Fairfield/Franklin |
| 22. Deante Givens | Deonte [unclear] | 797-121 Clark County |
| 23. David Tinsley | David Tinsley | 698 202 Butler Co. |
| 24. Gerald Ellington | G Ellington | 709-919 Hamil[ton] |
| 25. | | 684-379 |

Corker Ferro 767271 Summit

26. [unclear] [signature] [unclear] Summit

(Dar[r]en [unclear] 752-541 David W [unclear] Cuyahoga)

| | |
|---|---|
| From: | Albert, Kimberly |
| Sent: | Thursday, June 16, 2022 12:15 PM |
| To: | Williams, Maria; eugmc@yahoo.com; Bohles, Darryl |
| Cc: | Wright, Roger; Stenroos, Ashley |
| Subject: | FW: APA grievances |
| Attachments: | not grievable.pdf |

FYI – please make sure these types of forms are NOT distributed to the IA. Thanks!

Kimberly Albert, M.S. Ed.
School Adminisrator

Ohio Department of Rehabilitiation & Correction
Ohio Central School System
Lorain Correctional Institution

Office Phone 440.316.4890
Work Cell 614.307.7937

---

**From:** Grudzien-Costello, Tina <Tina.Grudzien@odrc.state.oh.us>
**Sent:** Thursday, June 16, 2022 12:05 PM
**To:** Albert, Kimberly <Kimberly.Albert@odrc.state.oh.us>; Wright, Roger <roger.wright@odrc.state.oh.us>
**Subject:** FW: APA grievances

FYI-APA wanted me to share this, the hearing officer's state these forms are being handed out at the library.

Tina

---

**From:** Vogel, Rebecca <rebecca.vogel@odrc.state.oh.us>
**Sent:** Thursday, June 16, 2022 11:51 AM
**To:** Grudzien-Costello, Tina <Tina.Grudzien@odrc.state.oh.us>
**Subject:** APA grievances

Hi, APA has received a rash of grievances to respond and serve on inmates. They are grieving things that are not grievable. I have attached the list of what is not grievable. The grievances that I have seen were all non grievable items, being extradited (part of supervision) being placed on PRC, Journal entry with regards to PRC language(Court issue) etc. If we could share this with those handing out the forms it would be appreciated. This is causing a lot of unnecessary work for APA staff.

Thanks,
Becky

---

Please note that an e-mail message, or a portion thereof, may be releasable as a public record in accordance with Chapter 149 of the Ohio Revised Code.

| From: | MAESTRE, Donella |
|---|---|
| Sent: | Sunday, June 19, 2022 8:18 AM |
| To: | Keeley, Patricia; Williams, Maria |
| Subject: | Fw: Frivolous grievances |
| Attachments: | APA grievance procedure.pdf |

FYI

---

**From:** Davis, Ted <ted.davis@odrc.state.oh.us>
**Sent:** Friday, June 17, 2022 3:07 PM
**To:** Criner, Kevin <Kevin.Criner@odrc.state.oh.us>; Mansfield, Carl <Carl.Mansfield@odrc.state.oh.us>; Taylor, Tammy <tammy.taylor@odrc.state.oh.us>; MAESTRE, Donella <Donella.Maestre@odrc.state.oh.us>; Wright, Edward <Edward.Wright@odrc.state.oh.us>; Armstrong, Maxine <maxine.davis@odrc.state.oh.us>
**Cc:** Black, Jennifer <jennifer.gillece@odrc.state.oh.us>; Brown, Dave (LORCI) <dave.brown@odrc.state.oh.us>; Vukmer, Stephen <Steve.Vukmer@odrc.state.oh.us>; Hastings, Catherine <Catherine.Hastings@odrc.state.oh.us>; Wilson, James <James.Wilson@odrc.state.oh.us>
**Subject:** Frivolous grievances

Good afternoon everyone,

Please see below regarding frivolous grievances. We are getting a lot of these from offenders at LorCI. Please explain to the offenders in your housing units that we will not respond to any grievance that relate to issues that are not grievable. Here is a list of what is **not** grievable:

## What is NOT grievable?

1. Parole Board ordered Special Conditions and/or Sanctions and Parole Final Release or PRC reduction decisions.

2. Court ordered Special Conditions and/or Sanctions.

3. Arrest for Supervision violations.

4. Failure to follow the directions/instructions of the APA staff.

5. Final decision of previous grievances.

6. Complaints unrelated to supervision, e.g. prison complaints, legislative action, judicial proceedings and sentencing.

7. Any subject matter exclusively within the jurisdiction of the Courts or other agencies, e.g. Human Services.

Any grievance received that pertains to issues that are not grievable will be discarded. I have attached a copy of DRC 3218 that explains our grievance procedure. Please let me know if you have questions, thanks and have a great weekend.

Ted Davis
Parole Services Supervisor
Lorain 3 - A0916
Erie and Medina County
Cell (216) 312-9872

---

**From:** Vukmer, Stephen <Steve.Vukmer@odrc.state.oh.us>
**Sent:** Friday, June 17, 2022 2:25 PM
**To:** Coats, Jerel <jerel.coats@odrc.state.oh.us>; Davis, Ted <ted.davis@odrc.state.oh.us>; Doerner, Paul <Paul.Doerner@odrc.state.oh.us>; Edwards, Michael <Michael.Edwards@odrc.state.oh.us>; Ellis, Tonya <Tonya.Ellis@odrc.state.oh.us>; French, Eric <Eric.French@odrc.state.oh.us>; Giallourakis, Catherine <Catherine.Giallourakis@mha.ohio.gov>; Glista, Richard <Richard.Glista@odrc.state.oh.us>; Grammes, Gerald <Gerald.Grammes@odrc.state.oh.us>; Gugliotta, Sandra <Sandra.Gugliotta@odrc.state.oh.us>; Herman, Jill <Jill.Herman@odrc.state.oh.us>; Irby, Tyshawn <tyshawn.irby@odrc.state.oh.us>; Miller, Jacqueline <Jacqueline.Miller@odrc.state.oh.us>; Reid, Joy <Joy.Reid@odrc.state.oh.us>; Roche, Michelle <Michelle.Roche@odrc.state.oh.us>; Sibilski, Richard <Richard.Sibilski@odrc.state.oh.us>; Stasenko, Jason <Jason.Stasenko@odrc.state.oh.us>; Tolliver, Jana <Jana.Tolliver@odrc.state.oh.us>; Warchol, Ronald <Ronald.Warchol@odrc.state.oh.us>
**Subject:** Frivolous grievances

All,

I discussed with Katrina today. She will be putting something out, but we are not going to respond to any grievances of offenders being held at LORCI who are grieving issues that are not grievable (challenging their rights, constitutionality, citing case law, PRC in general, etc.). If you receive one of these, you can discard it.

**Ted,**
**We need to highlight the area of our grievance that shows what is NOT grievable and make sure to spell this out to the case managers to explain to the offenders.**

Thanks,

-Steve

---

**From:** Glista, Richard <Richard.Glista@odrc.state.oh.us>
**Sent:** Thursday, June 16, 2022 3:33 PM
**To:** Vukmer, Stephen <Steve.Vukmer@odrc.state.oh.us>
**Subject:** FW: HICKS, Leon A703071

Steve,

This offender was at NEOCC, so PO Miglets was kind enough to serve him the grievance rejection. Not sure if you need it but it's attached (my first one).

2

# LORAIN CORRECTIONAL INSTITUTION INMATES

| NAME | SIGNATURE | INMATE NUMBER |
|---|---|---|
| 1. Jason Richey | *signed* | 759-575 |
| 2. Samuel Corp | *signed* | 763-507 |
| 3. Patrick O'Keefe | Patrick O'Keefe | 585-999 |
| 4. Kermit Harris | Kermit Harris | A344-720 |
| 5. Rodney Thompson | Rodney Thompson | A774-551 |
| 6. Shawnquel Michael | Shawn Mich | A-695-754 |
| 7. John Albertson | *signed* | A-741-013 |
| 8. Martel Tatem | Martel Tatem | M62-675 |
| 9. Michael Burns | Michael Brs | 775907 - Miami County |
| 10. Brewer W | W J Brew | F740-705 Lucas |
| 11. Tyrone Powell | Tyrone Powell Sr | 739 385 Montgomery |
| 12. Allen Quarterman | *signed* | #A694-077 Summit |
| 13. Justin M. Berrien | Justin M. Berrien | #749-312 Champange |
| 14. Rashawn Sankey | Rashawn Sankey | #732-954 Franklin |
| 15. Kevin Flueller | *signed* | #738-310 - Franklin |
| 16. Roy M. Bryant | *signed* | #737-724 |
| 17. Eric D Thomas | Eric Thomas | # 547 389 |
| 18. Jene D. Cook III | Jene D. Cook III | #795-100 |
| 19. Robert Kirkland | *signed* | #662-548 |
| 20. Ryan Pollock | Ryan Pollock | #A748-698 (Ross Cnty) |
| 21. Terry Baccus | *signed* | #617-934 (Hamilton Cnty) |
| 22. Anthony Freeman | Anthony Freeman | #701-055 - Cuy County |
| 23. Damon H. Flippin | Damon Flippin | 719-709 Montgomery |
| 24. Johnie Colvin | *signed* | 734-735 Butler County |
| 25. Jason Mitchell | Jason Mitchell | #A474-421 Stark County |
| 26. Dionte George | Dionte George | #A647 578 (Franklin County) |
| 27. David Pate | David Pate | #A708-763 (Noble County) |
| 28. Bryan DeGraffinreed | Bryan *signed* | #A624055 (Stark County) |
| 29. Dustin King | Dustin King | #678-215 (Adams County) |