UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN FRENCH, | : | Case No. 2:22-cv-2760 |
| Plaintiff, | : | |
| vs. | : | District Judge James L. Graham |
| | : | Magistrate Judge Elizabeth P. Deavers |
| ANNETTE CHAMBERS-SMITH, et al., | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION**

Plaintiff, who was previously at the Lorain Correctional Institution (LoCI) and now on Ohio Adult Parole Authority (APA) supervision, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 against Defendants Annette Chambers-Smith, Michael Anderson, and Jennifer Gillace-Black. (Doc. 1, Complaint at PageID 2-3). By separate Order Plaintiff has been granted leave to proceed *in forma pauperis*. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

**Screening of Plaintiff's Complaint**

**A. Legal Standard**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous,

malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)(1) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B); *Denton*, 504 U.S. at 31. *See also* § 1915A(b). Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a Plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

---

[1] Formerly 28 U.S.C. § 1915(d).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

**B. Allegations in the Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 against Defendants Annette Chambers-Smith, Michael Anderson, and Jennifer Gillace-Black in their official capacities. (*See* Doc. 1 at

3

PageID 2-3). In the complaint—which is signed by fifty-six other individuals at the LoCI[2]—Plaintiff alleges that the "Ohio Department of Rehabilitation and Correction, Ohio Adult Parole authority and Lorain Correctional institution have opted to act in concert to illegally arrest, detain and imprison the Plaintiffs under the guise of post-release control (PRC), when in fact these agencies knew that Plaintiffs were NOT legitimately bound pursuant to Ohio Revised Code § 2967.28, as their individual court(s) failed to quote the advisements which the Supreme Court of Ohio, has held must contain in the sentencing journal entries." (*Id.* at PageID 12, 35, 39).[3] Plaintiff claims that the common pleas court judge in his case failed to properly notify him of or otherwise impose post-release control. Plaintiff further contends that the APA "is deliberately imposing consecutive post release control time periods when they have no legal basis to do so." (*Id.* at PageID 18). Plaintiff contends that failure to properly journalize the post-release control advisements resulted in fraud and wrongful imprisonment. (*Id.*).

The complaint also includes allegations regarding the APA grievance system. Plaintiff claims that Defendants deprived him of his constitutional rights "by hindering parolees right to file grievances," which he claims furthers the alleged "fraud by the State of Ohio to wrongfully imprison, incarcerate and make money off of parolees bodies." (*Id.* at PageID 20). As attachments to the complaint, Plaintiff includes correspondence from ODRC and APA officials indicating that issues related to post-release control—including the trial court's advisement of post-release control through its journal entry—are not grievable matters. (*See id.* at PageID 27, 31-33). According to Plaintiff, state agency agents conspired to hinder parolees from filing grievances concerning the

---

[2] As discussed below, Plaintiff purports to bring a class action lawsuit, indicating that the other individuals who signed the complaint also were not properly advised of post-release control, are wrongfully imprisoned, and entitled to be released. (*See id.* at PageID 13-15).

[3] Ohio Rev. Code § 2967.28 governs notification of post-release control.

imposition of post-release control.[4] With respect to this claim, Plaintiff seeks an investigation "into all parolees who have been found to have their cases dismissed and to immediately release them from prison." (*Id.* at PageID 25).

Finally, Plaintiff alleges that the ODRC, APA, and LoCI committed various crimes as a result of allegedly falsifying documents, providing "false information solely to imprison, and obstruct[ing] the common pleas court orders found in the sentencing journal entries showing that Plaintiffs were not bound to post release control." (*See id.* at PageID 16-17). For example, Plaintiff alleges that Defendants "committed the federal crime of 'obstructing court orders' in violation of 18 USCS § 1509, 18 USCS § 1001 and others to fraudulently obtain federal dollars/funding" for the ODRC, APA, and LoCI. (*See* Doc. 1 at PageID 2-3). Plaintiff similarly alleges violations of 18 U.S.C. §§ 241, 242, 1621, 1590, 1593A, 1038, 1001, and 371. (*Id.* at PageID 16, 17).

Based on his allegation that his post-release control was not properly imposed, Plaintiff claims his current custody violates his constitutional rights and seeks immediate release. (*Id.* at PageID 15, 18, 25).

---

[4] In this section of the complaint, Plaintiff quotes Ohio Supreme Court and Court of Appeals cases regarding due process and evidence admissibility in parole revocation hearings, before alleging that "the hearing officers operating revocation hearings in the Lorain Correctional Institution . . . are not abiding by the minimum requirements of due process." (*See* Doc. 1 at PageID 21-22 (quoting *State ex re. Wright v. Ohio Adult Parole Auth.*, 661 N.E.2d (Ohio 1996) & *State v. Delvallie*, 185 N.E.3d 536 (Ohio Ct. App. 2022)). Plaintiff claims the officers' failure to follow proper procedures is grievable. (*See* Doc. 1 at PageID 23). It is unclear whether Plaintiff's discussion of the parole revocation hearings are offered in support of his claim that Defendants improperly denied individuals at LoCI the opportunity to utilize the grievance process or as an independent claim. In any event, as discussed below, Plaintiff includes no factual allegations regarding the revocation of his own parole, any hearing to which he was a party, or allegations regarding his use of the APA's grievance procedure. The complaint instead includes allegations regarding a Mr. Fluellen who Plaintiff claims was wrongly found to have violated the terms of his parole to prove "that the [Defendants have] no basis or right to wrongfully imprison him or others like him." (Doc. 1 at PageID 23-24).

**A. Analysis.**

The complaint should be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

As an initial matter, the complaint should be limited to alleged violations of Plaintiff's own rights. As noted above, the complaint is signed by fifty-five other individuals. To the extent that Plaintiff has filed a purported class action, "Federal Rule of Civil Procedure 23(a)(4) generally does not permit pro se Plaintiffs without legal training to serve as class representatives." *Sanders v. Macauley*, No. 22-1502, 2022 WL 16729580, at *5 (6th Cir. Aug. 10, 2022) (citing *Garrison v. Mich. Dep't of Corr.*, 333 F. App'x 914, 919 (6th Cir. 2009) (holding that pro se litigants are "inadequate class representatives")). *Cf. Dodson v. Wilkinson*, 304 F. App'x 434, 438 (6th Cir. 2008). In this case, Plaintiff has not moved for class certification or otherwise demonstrated that he would be an adequate class representative. *See Sanders*, 2022 WL 16729580, at *5 (finding that where the Plaintiff "offered no basis from the general rule that pro se Plaintiffs are not adequate class representatives, the district court did not abuse its discretion by denying class certification"); *see also White v. Kasich,* No. 2:12-cv-1125, 2013 WL 941440, at *10 (S.D. Ohio Mar. 8, 2013) (Deavers, M.J.) (Report & Recommendation) (explaining that the reason pro se prisoners are generally prohibited from bringing class actions is because they are unable to "adequately to represent the interests of the class"), *adopted,* 2013 WL 1281887 (S.D. Ohio Mar. 27, 2013) (Smith, J.); *Brown v. Collins,* No. 2:07-cv-826, 2008 WL 818793, at *2 (S.D. Ohio Mar. 24, 2008) (Kemp, M.J.; Frost, J.) (citing *Palasty v. Hawk,* 15 F. App'x 197, 200 (6th Cir. 2001)) (same); *Marcum v. Jones,* No. 1:06-cv-108, 2006 WL 543714, at *1 (S.D. Ohio Mar. 3, 2006) (Dlott, J.) (and cases cited therein) (holding that the pro se inmate "may bring his own claims to

6

federal court without counsel, but not the claims of others"). Therefore the complaint should be limited to alleged violations of Plaintiff's own federal rights. *Cf. Dodson,* 304 F. App'x at 438.[5]

As here, where a plaintiff challenges the validity of his conviction or sentence and seeks immediate or speedier release, the proper mechanism for Plaintiff to challenge his present physical custody is a petition for a writ of habeas corpus, not this civil rights action. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("This Court has held that a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). This includes Plaintiff's challenge to the post-release control portion of his sentence. *See, e.g., Thoerig v. Lightfoot*, No. 5:22-cv-1565, 2022 WL 17067463, at *3 (N.D. Ohio Nov. 17, 2022) ("Because [Plaintiff] is challenging the post release control portion of his sentence and is seeking to have that portion of his sentence terminated, his sole federal remedy is a writ of habeas corpus."); *Williams v. Ohio*, No. 1:21-cv-1018, 2021 WL 4060383, at *2 (N.D. Ohio Sept. 7, 2021) ("To the extent Plaintiff seeks release from the post release control portion of his sentence, he cannot proceed with a civil rights action. When the Plaintiff is essentially challenging the validity of his sentence, his sole remedy is habeas corpus."). Accordingly, to the extent that Plaintiff seeks relief in the form of termination of post release control and/or release (the only relief explicitly stated in the complaint), his sole remedy is a petition for a writ of habeas corpus after exhausting his state court remedies.

To the extent that Plaintiff may seek money damages based on his allegedly unconstitutional sentence, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). A

---

[5] Furthermore, to the extent that the other individuals who signed the complaint seek to join Plaintiff in this action, they have not paid the filing fee or moved for leave to proceed *in forma pauperis*. In any event, for the reasons stated below, the complaint challenging the imposition of post-release control and seeking immediate release is subject to dismissal for failure to state a claim upon which relief may be granted.

judgment in Plaintiff's favor on claims stemming from Plaintiff's state criminal proceedings and the imposition of his sentence would necessarily imply that his sentence is invalid. *See id.*, 512 U.S. at 487. Because Plaintiff has not alleged facts indicating that his sentence has been invalidated by a federal or state court or other appropriate tribunal, he may not proceed with such a claim for damages in this § 1983 action. *See Thoerig,* 2022 WL 17067463, at *3; *Williams*, 2021 WL 4060383, at *2; *see also Lathan v. United States*, No. 3:18-cv-2115, 2019 WL 857962, at *4 (N.D. Ohio Feb. 22, 2019) (applying *Heck* to parole revocation decisions and post-release control sanctions); *Pettus-Brown v. Adult Parole Authority*, No. 2:18-cv-82, 2019 WL 2058627, at *1 (S.D. Ohio May 9, 2019) (applying *Heck* to complaint challenging the constitutionality of Ohio's post-release control statute). To the contrary, it appears that Plaintiff has filed a motion seeking to vacate post-release control based on the same claims raised in the instant complaint, which remains pending before the Franklin County, Ohio Court of Common Pleas.[6]

Plaintiff has also failed to state a claim upon which relief may be granted with respect to his allegations regarding the APA grievance process and parole revocation proceedings. As noted above, Plaintiff alleges that state officials hindered parolees from filing grievances concerning the imposition of post release control and that LoCI revocation hearing officers have failed to comply with the minimum requirements of due process. (*See* Doc. 1 at PageID 20-25). However, the complaint includes no factual allegations to plausibly suggest that Plaintiff's constitutional rights were impacted by the grievance process or a parole revocation hearing. Although Plaintiff claims LoCI inmates were unable to raise claims pertaining to the imposition of post-release control or

---

[6] Viewed at https://fcdcfcjs.co.franklin.oh.us/CaseInformationOnline/ under Case No. 07-CR-1556. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

were improperly found in violation of the terms of their parole, Plaintiff "lacks standing to assert the constitutional rights of other prisoners," *Dodson*, 304 F. App'x at 438. Moreover, the complaint includes no factual allegations that Plaintiff himself was improperly denied access to the grievance system or subjected to an improper revocation proceeding, much less that his constitutional rights were violated. *Cf. Miller v. Haines*, No. 97–3416, 1998 WL 476247, at *1 (6th Cir. Aug.03, 1998) ("Prison inmates do not have a constitutionally protect right to a grievance procedure."). In any event, for the reasons already stated, because Plaintiff seeks immediate release from custody in connection with these claims (*see* Doc. 1 at PageID 25) his sole avenue of relief is a petition for a writ of habeas corpus.

Finally, to the extent that Plaintiff claims Defendants violated various federal statutes, the complaint must also be dismissed for failure to state a claim. Plaintiff claims Defendants violated 18 U.S.C. §§ 241, 242, 1621, 1509, 1038, 1001, and 371.[7] However, these criminal statutes do not provide Plaintiff with a private cause of action. *See United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. July 9, 2003) (there is no private right of action under either 18 U.S.C. §§ 241, 242) (*citing Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 511 (2d Cir. 1994)); *Fuller v. Unknown Officials*, 387 F. App'x 3, 4 (D.C. Cir. 2010) ("To the extent appellant attempted to raise causes of action based on criminal statutes, there is no private cause of action for perjury, 18 U.S.C. § 1621 . . . or false statements, 18 U.S.C. § 1001 "); *Hamilton v. Reed*, 29 F. App'x 202, 204 (6th Cir. 2002) (finding that the district court properly dismissed the Plaintiff's complaint based on part

---

[7] Plaintiff also seeks to hold Defendants liable under 18 U.S.C. §§ 1590 and 1593A (provisions of 18 U.S. Code Chapter 77), which prohibit "Trafficking with respect to peonage, slavery, involuntary servitude, or force labor" and "Benefitting financially from peonage, slavery, and trafficking in persons," respectively. Although 18 U.S.C. § 1595 apparently authorizes a private civil action for damages to be filed by the victim of chapter 77, Plaintiff has not alleged any facts to plausibly suggest that he is entitled to relief under the statute. In any event, as set forth above, any claim for money damages premised on his allegedly unconstitutional sentence is barred by *Heck*.

9

on finding that Plaintiff possessed no private right of action for alleged violations of 18 U.S.C. § 1509); *Johnson v. Working America, Inc.*, No. 1:12-cv-1505, 2012 WL 3074775, at *3 (N.D. Ohio, July 30, 2012) (finding that § 1038 does not provide a civil cause of action for which a private citizen may file a complaint); *Rockefeller v. Rehnquist*, No. 03-5282, 2004 WL 210649, at *1 (D.C. Cir. 2004) (finding the lack of a private cause of action under 18 U.S.C. § 371). Plaintiff's claim that Defendants violated the above federal statutes should therefore be dismissed.

## IT IS THEREFORE RECOMMENDED THAT:

1. The Plaintiff's complaint be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

Date:  <u>March 23, 2023</u>                                        <u>s/ *Elizabeth A. Preston Deavers*</u>
                                                                                     Elizabeth A. Preston Deavers
                                                                                     United States Magistrate Judge