## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

STEVEN FRENCH,

                Plaintiff,

      v.

ANNETTE CHAMBERS-SMITH, et al.,

            Defendants.

Case No. 2:22-cv-2760

Judge Graham

Magistrate Judge Deavers

### OPINION AND ORDER

This *pro se* 42 U.S.C. § 1983 action is before the Court for consideration of the Magistrate Judge's Report and Recommendation ("R&R") recommending dismissal of Plaintiff's complaint, Doc. 7.

Plaintiff is a former inmate at the Lorain Correctional Institution ("LoCI") who is now on Ohio Adult Parole Authority ("APA") supervision. He brings this action against Annette Chambers-Smith, director of the Ohio Department of Rehabilitation and Corrections ("ODRC"); Michael Anderson, Chief Hearing Officer of the APA; and Jennifer Gillece-Black, Warden of LoCI in their official capacities. Doc. 1 at 2-20. He alleges that the ODRC, APA, and LoCI are illegally detaining him and fifty-six other individuals under the guise of post release control ("PRC") despite knowing that PRC was not legally imposed. *Id.* at 12. Specifically, Plaintiff alleges that the sentencing courts failed to give the required verbal and written advisements to impose PRC. *Id.* Plaintiff also alleges that the APA is "deliberately imposing consecutive post release control time periods when they have no legal basis to do so" and unconstitutionally "hindering parolees right to file grievances . . . ." *Id.* at 18, 20. Finally, Plaintiff alleges that the

ODRC, APA, and LoCI committed various crimes including violations of 18 U.S.C. §§ 241, 242, 371, 1001, 1038, 1590, 1593A and 162. *Id.* at 25-26.

The Magistrate Judge performed a *sua sponte* review pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) to determine whether the complaint should be dismissed. Doc. 7. She first concluded that Plaintiff, as a *pro se* litigant, is limited to bringing his own claims; that he may not file a purported class action for the fifty-six other individuals. *Id.* at 6. She then exhaustively analyzed each of Plaintiff's claims and determined that all warrant dismissal. *See generally id.* Plaintiff filed objections to the R&R, Doc. 8.

When a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Plaintiff's Objections touch on two issues, both of which the Court will review *de novo*. First, Plaintiff appears to object to the Magistrate Judge's conclusion that he may not act as class representative for the fifty-six similarly injured individuals who signed the Complaint. *See* Doc. 8 at 2. His sole statement in support is that "all names have 'same' issue in there [sic] findings." *Id.* The Court understands Plaintiff's assertion to mean that he may represent the class because he is similarly situated to the fifty-six proposed members. That is not the issue. The issue is, as the Magistrate Judge correctly noted, whether Plaintiff, an individual without legal training, may represent a class of similarly situated people. Generally, *pro se* litigants without legal training may only pursue their own claims. *Sanders v. Macauley*, No. 22-1502, 2022 WL 16729580, at *5 (6th Cir. Aug. 10, 2022). This is because such individuals may be unable to adequately represent the

2

interests of the class. *See Marr v. State of Mich.*, 89 F.3d 834 (6th Cir. 1996) ("[A]n imprisoned litigant who is not represented by counsel may not represent a class of inmates because the prisoner cannot adequately represent the interests of the class.") (citation omitted). Plaintiff has made no argument that he can adequately represent the class. The Court therefore agrees that he may not act as class representative and that his Complaint is limited to only his personal claims.

Second, Plaintiff asks in his Objections for the Court to "[p]lease see that it was illegal to violate me and send me to prison as R.C. 2967.28 was not in my journal intry [sic] or stated in open court[.]" Doc. 8 at 1-2. In other words, Plaintiff reiterates his claim that Defendants illegally imposed PRC because he was not provided the required advisements. The Court agrees with the Magistrate Judge that this claim must be dismissed. To the extent Plaintiff seeks immediate release or termination of PRC, such relief is available only in a writ of habeas corpus, not this civil rights action. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005); *Thoerig v. Lightfoot*, No. 5:22-cv-1565, 2022 WL 17067463, at *3 (N.D. Ohio Nov. 17. 2022). To the extent he seeks money damages, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). The Supreme Court in *Heck* held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87. Plaintiff does not allege in his Complaint that his sentence has been invalidated by a federal or state court or other tribunal. Therefore, he may not proceed with a claim for damages in this § 1983 action.

For the reasons stated above, the Court overrules Plaintiff's objections, Doc. 8, adopts and affirms the Magistrate Judge's report and recommendation, Doc. 7, and dismisses this matter. The clerk is directed to enter final judgment in this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Order would not be taken in good faith.

**IT IS SO ORDERED**.


s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: August 8, 2023